UNITED STATES of America for the Use and Benefit of INDUSTRIAL INSTRUMENT CORPORATION, Appellant,

v.

PAUL HARDEMAN, INC., et al., Appellees.

No. 19855.

United States Court of Appeals Fifth Circuit.

July 18, 1963.

Rehearing Denied Sept. 12, 1963.

Dave McNeill, Jr., Houston, Tex., Vinson, Elkins, Weems & Searls, Joe E. Edwards, Houston, Tex., of counsel, for appellant.

John B. Pope, Wagstaff, Harwell, Alvis & Pope, Abilene, Tex., Arnold M. Schwartz, Schwartz & Sandler, Los Angeles, Cal., for appellees Paul Hardeman, Inc., and Aetna Casualty & Surety Co.

James W. Wilson, Powell, Rauhut, McGinnis, Reavley & Lochridge, Austin, Tex., Wolf, Block, Schorr & Solis-Cohen, Philadelphia, Pa., of counsel, for appellee CompuDyne Corporation.

Before HUTCHESON and GEWIN, Circuit Judges, and CONNALLY, District Judge.

HUTCHESON, Circuit Judge.

After a lengthy hearing in this cause, a Miller Act suit, in which the Use-plaintiff, Industrial Instrument Corp. (IIC), a supplier of equipment under Atlas Missile contracts, brought suit against the general contractor, Paul Hardeman, Inc., its surety on the Miller Act payment bond, and the sub-contractor with whom IIC had a direct contractual relationship, this cause came on to be heard on the motions for summary judgment of the Use-plaintiff and of the defendants.

After weeks of deposition taking and extended efforts to simplify the myriad

complex controverted issues in the case, the parties recognized: that the question, whether IIC, the appellant, was legally justified in insisting on the payment of sight drafts as a condition of delivery under its contract with CompuDyne Corporation, the sub-contractor, cut through all other issues; that the facts bearing on the question were without dispute; and that the question was ripe for decision. Accordingly, all parties moved for summary judgment on this question.

The district judge, of the opinion (1) that the Use-plaintiff's motion for summary judgment should be denied; and (2) that summary judgment should be rendered for defendants, entered judgment accordingly[1] and filed a memorandum opinion[2] in support of his conclusions, thereby bringing the controlling issues in the case into clear focus; and, since appellant and appellees agree that the statement of the case, as outlined in the court's opinion, is substantially correct in all material respects and the appeal should be decided on the statement set forth in that opinion, the difficulties of correctly presenting and disposing of the issues presented here for review have been greatly lessened and this opinion has been greatly shortened.

In short, the question on which the case turns in this court is the same as was decided by the court below, whether Industrial Instrument Corporation, the appellant, was legally justified in insisting on the payment of sight drafts as a condition of delivery under its contract with CompuDyne Corporation, appellee.

 Though not findings in the sense of decisions on disputed fact issues, the court's findings accurately set forth the undisputed facts on which the decision of the case turns and though such findings are somewhat unusual in a summary judgment proceeding, they are certainly permissible and the practice has been commended as greatly helpful to the appellate court in making clear the basis for the trial court's decision. 3 Barron & Holtzoff, Federal Practice and Procedure, Sec. 1242 at 201 (Wright ed. 1958).

Instead then, in approaching the case here, of making a statement of our own as to the undisputed facts and the principles controlling the decision of this case, we approve and adopt the statement of the facts as the trial court's opinion sets them out, and the reasons assigned by the district judge in support of his conclusions.

The judgment is, therefore, affirmed.

---

1. "Judgment.
    "This cause came on to be heard on the motions for summary judgment of the Use-Plaintiff and of the defendants, and the Court having concluded that the Use-Plaintiff's motion for summary judgment should be denied and the summary judgment should be rendered for the defendants dismissing the Use-Plaintiff's claim, and the Court having determined that there is no just reason for delay and having directed the entry of final judgment dismissing the Use-Plaintiff's claim, it is
    "ORDERED, ADJUDGED and DECREED, that the Use-Plaintiff take nothing and that its claim be dismissed on the merits as against all defendants and the defendants recover their costs."

2. United States for Use and Benefit of Industrial Instrument Corporation v. Hardeman, D.C., 202 F.Supp. 124.