**J. P. STEED, Plaintiff,**

**v.**

**CENTRAL OF GEORGIA RAILWAY COMPANY, Defendant-Third Party Plaintiff-Appellee,**

**v.**

**RIEGEL TEXTILE CORPORATION, Third Party Defendant-Appellant.**

**No. 72-2609.**

United States Court of Appeals, Fifth Circuit.

May 1, 1973.

James E. Clark, Birmingham, Ala., for appellant.

Will Sadler, Jr., W. J. Sullivan, Birmingham, Ala., for appellee.

Before RIVES, GOLDBERG and MORGAN, Circuit Judges.

RIVES, Circuit Judge:

In this diversity case, Riegel Textile Corporation appeals from a summary judgment granted against it for $403,105.60 on the motion of Central of Georgia Railway Company. We reverse.

The claim arises out of an accident that occurred on December 30, 1966, when J. P. Steed, a trainman-employee of Central, was injured while switching railroad cars for Central to the plant of Riegel in Trion, Georgia. A moving car, on which Steed was riding, derailed causing Steed's legs to be pinned between the side of the car and the loading platform on Riegel's premises. One of Steed's legs was traumatically amputated approximately 3½ inches below the knee and the other was severely injured.

On March 1, 1967, Steed filed a Federal Employer's Liability Act suit against the Central of Georgia in the Circuit Court of Jefferson County, Alabama. On December 9, 1968, Central filed a third-party complaint in that case against Riegel seeking indemnification from Riegel in the event of a recovery by Steed against Central. The third-party complaint is based upon a written track agreement dated April 24, 1948, which was in effect between Riegel and Central at the time of the accident. The specific language in the agreement made the basis of the third-party claim reads as follows:

"The Tenant (Riegel) also agrees to indemnify and hold harmless the Railway (Central of Georgia) from loss, damage, or injury from any act or omission of the Tenant, its employees or agents, to the person or property of the parties hereto and their employees and the person or property of any other person or corporation, while on or about said track; and if any claim or liability other than from fire shall arise from the joint or concurring negligence of the parties hereto, it shall be borne by them equally."

Two other provisions of the track agreement pertinent to the case read as follows:

"2. The Tenant (Riegel) will pay for, own and maintain the entire track from the point of the switch to the end of the track, or about 720 feet in length, as shown in green on said print.

\* \* \* \* \* \*

"4. If the Tenant fails to maintain said track in safe operating condition, as prescribed by the railway, the Tenant agrees that the railway may put it in repair at the Tenant's expense or may discontinue operating thereover."

On May 1, 1969, Riegel filed a petition for the removal of the entire case to the federal court. On May 2, 1969, the district court, on motion to remand, entered an order remanding the original complaint (Steed v. Central) to the state court, but retaining jurisdiction over this third-party complaint. That action of the district court was affirmed by the Fifth Circuit in Central of Georgia Railway Co. v. Riegel Textile Corp., 1970, 426 F.2d 935.

The trial of the FELA case in the state court occurred in June, 1969, resulting in a judgment in favor of Steed and against Central in the amount of $500,000. On November 21, 1969, the state trial judge entered a remittitur reducing the judgment to $300,000, and otherwise overruled Central's motion for a new trial. The remittitur was accepted by Steed. On April 8, 1971, the Alabama Supreme Court affirmed in Central of Georgia v. Steed, 287 Ala. 64, 248 So.2d 110.

The third-party complaint against Riegel had been held in abeyance pending the final disposition of the primary case (Steed v. Central) in the state courts. The amount of Steed's recovery from Central having been finally established in the state courts, the issue in the district court on the third-party complaint was whether Riegel should reimburse Central as to all, or one-half, or none of Central's total outlay in the

case. The parties stipulated that the matter of Riegel's liability must be determined in accordance with the above-quoted provisions of the track agreement and with the laws of the State of Georgia where the accident occurred.

The parties further stipulated that, by certified mail on March 23, 1967, Central made a demand on Riegel based on the terms of the 1948 track agreement. However, Riegel contended that there was an obligation upon Central to promptly notify Riegel, as indemnitor, that an accident had occurred and that Central faced a loss which it expected Riegel to defend and indemnify. Riegel further contended that such notice and demand was not made by Central within a reasonable time after the filing of Steed's complaint against Central. Central, however, took the position that regardless of when demand was made upon Riegel as indemnitor, Riegel had actual notice of the accident since it occurred on its premises. Riegel, nonetheless, claimed the right to contest the reasonableness of Central's actions, and whether Central reasonably took steps to settle the case prior to suit being filed by Steed and demand being made by Central upon Riegel.

Central took the position that since it gave Riegel notice of the filing of Steed's lawsuit and gave it an opportunity to defend, while Riegel refused, the final judgment in Steed's case is conclusive against Riegel to the effect that Steed was not furnished a safe place to work. On the other hand, Riegel contended that the judgment against Central in the state court is a prima facie showing that Central was negligent, and that there was at least joint and concurring negligence by Central and Riegel.

It was stipulated that either party may introduce into evidence any portion of the testimony of the witnesses or other evidence introduced at the trial of the case of Steed v. Central in the state court, and that either party may use or call as a witness any party who testified at the previous trial in the state court in lieu of, or in addition to, his testimony at said trial. In addition, extensive depositions were taken both by Central and by Riegel in this third-party action.

Central moved for summary judgment based on the record in the case of Steed v. Central of Georgia Railway Co., Case No. 16281, in the Circuit Court for the Tenth Judicial Circuit of Alabama, including the record on appeal therein and the opinion of the Supreme Court of Alabama, the pleadings and admissions, and all depositions taken in the case. Unfortunately, the district court provided no key as to the facts which it considered important, nor did it elucidate its rationale for granting Central summary judgment against Riegel for full indemnity. Rule 52(a), F.R.Civ.P., provides that findings of fact and conclusions of law are unnecessary on decisions of motions for summary judgment. Nonetheless, as Judge Hutcheson commented in United States for Use of Industrial Instrument Corp. v. Paul Hardeman, Inc., 5th Cir. 1963, 320 F.2d 115, 116:

"* * * they are certainly permissible and the practice has been commended as greatly helpful to the appellate court in making clear the basis for the trial court's decision. 3 Barron & Holtzoff, Federal Practice and Procedure, Sec. 1242 at 201 (Wright ed. 1958)."

On appeal from a summary judgment, the record must be viewed in the light most favorable to the party opposing the motion.[1] The moving party bears the burden of showing both that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.[2]

1. Poller v. Columbia Broadcasting System, 1962, 368 U.S. 464, 473, 82 S.Ct. 486, 7 L.Ed.2d 458; Pogue v. Great A&P Tea Co., 5th Cir. 1957, 242 F.2d 575, 576; 3 Barron & Holtzoff (Wright Rules ed.) § 1242, p. 198 n. 46.

2. Rule 56(c), F.R.Civ.P.; Palmer v. Chamberlin, 5th Cir. 1951, 191 F.2d 532, 540.

This Court is not now called on to discuss and decide the many complex and difficult questions of fact and law remaining to be settled in this third-party action—such, for example, as the construction and application of the indemnity agreement; whether, as between Central and Riegel, the negligence of either has been conclusively established; if so, whether such negligence was sole, joint, or concurring; questions of proximate causation; and many other questions. Central simply has not met the heavy burden resting on it, as the party moving for summary judgment, to show as a matter of law that Riegel should reimburse Central for all, for one-half, or for any part of Central's total outlay in the case. This Court makes no determination or intimation as to any of the questions. The judgment is reversed and the case is remanded for a trial on its merits.

Reversed and remanded.