Learness MELANCON, Plaintiff,

v.

INSURANCE COMPANY OF NORTH AMERICA et al., Defendants.

COATING SPECIALISTS, INC., Defendant-Third Party Plaintiff-Appellant,

v.

INSURANCE COMPANY OF NORTH AMERICA, Defendant-Third Party Defendant-Appellee.

No. 73–2007

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Aug. 2, 1973.

Rehearing Denied Sept. 10, 1973.

---

\* \* \* \* \*

\* Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Company of New York, et al., 5 Cir., 1970, 431 F.2d 409, Part I.

John M. Duhe, Jr., New Iberia, La., Thomas M. Bergstedt, Reid K. Hebert, Lake Charles, La., for Ins. Co. of North America.

John Rixie Mouton, J. Minos Simon, Lafayette, for Melancon.

Lawrence J. Ernst, New Orleans, La., for Highlands and others.

John M. Shaw, Opelousas, La., for Fireman's Fund and others.

Donald V. Organ, New Orleans, La., for State Auto and others.

Before BELL, GODBOLD and IN-GRAHAM, Circuit Judges.

GODBOLD, Circuit Judge:

Melancon, alleging that his work aboard the M/V SNIPE from September 7, 1968 to January 1969 aggravated or caused his silicosis or pneumonoconiosis condition, sued his employer Coating Specialists, Inc. (Coating) and its insurer Insurance Company of North America (INA),[1] for damages under the Jones Act and maintenance under the general maritime law. The District Court entered orders granting summary judgment for INA on the ground of lack of coverage and denying Coating's subsequent motion for leave to file a third-party complaint against INA.[2] Coating appealed from both orders. We dismissed for lack of jurisdiction because the District Court had not accompanied its summary judgment for INA with a F.R.Civ.P. 54(b) certificate and, because, assuming that the denial of Coating's motion to file a third-party complaint might be appealable if certified under R. 54(b), it was clearly not appealable without such certification. Melancon v. Ins. Co. of North America, 476 F.2d 594 (CA5 1973).

Rudolph R. Schoemann, New Orleans, La., for plaintiff appellant.

1. Melancon's complaint named another of Coating's insurers, State Automobile and Casualty Underwriters, as defendant. Summary judgment in this insurer's favor is not attacked on this appeal.

2. The complaint Coating sought to file alleged that although INA had an insurance agreement with Coating which covered the injury claimed by Melancon and which obligated INA to defend and indemnify Coating, INA had refused to defend Coating and to make any payments to Melancon which might become due. Coating prayed for recovery over from INA of any sums which it might have to pay Melancon and of the costs of defense.

Subsequently the District Court expressly determined that there was no just reason to delay and directed that final judgment for INA be entered upon the two orders. Coating appeals from this judgment. We reverse.

■■ On the appeal from the summary judgment, the record must be viewed in the light most favorable to Coating, which opposed the motion. Poller v. Columbia Broadcasting System, 368 U.S. 464, 473, 82 S.Ct. 486, 7 L.Ed. 2d 458, 464 (1962); Pogue v. Great A&P Tea Co., 242 F.2d 575, 576 (CA5, 1957). INA bears the burden of showing both that there is no genuine issue as to any material fact and that it is entitled to a judgment as a matter of law. F.R.Civ.P. 56(c) and Steed v. Central of Georgia Ry. Co., 477 F.2d 1303 (CA5 1973).

The insurance agreement between INA and Coating provided:

This policy applies only to injury (1) by accident occurring during the policy period, or (2) by disease caused or aggravated by exposure of which the last day of the last exposure, in the employment of the insured, to conditions causing the disease occurs during the policy period.

INA's theory of lack of coverage is first that there was no "accident" during the policy period, and, second, that the last day of the exposure to conditions causing or aggravating plaintiff's disease occurred after its policy had terminated. To establish factual bases for summary judgment in its favor, INA presented and relied upon the following: (1) Melancon's allegations in his complaint that he was employed as a seaman by Coating aboard the M/V SNIPE from about September 7, 1968, to January, 1969;[3]

that his duties included filling sand pots in the vessel's hatch with sand; that he was exposed to particles of foreign matter created or thrown in the air by sandblasting activities Coating conducted on the oil platforms to which the SNIPE was moored; and that "the performance of his duties [for Coating aboard the SNIPE] caused or aggravated the disease of silicosis or pneumoconiosis which now totally and permanently disables complainant from pursuing any gainful employment." (2) The policy dates which appear on the face of the insurance agreement (April 24, 1968 to April 24, 1969) and the uncontroverted affidavit of an INA underwriter stating that the policy expired on April 24, 1969, and was not renewed. (3) The uncontroverted affidavit of Coating's general counsel admitting that Melancon worked for Coating from September 4, 1968, through July 3, 1969. (4) Melancon's testimony by deposition which INA claims establishes without contradiction that when he worked as a "helper" for Coating on shore after the April 24, 1969, termination date of the policy his job entailed sandblasting, filling of sand pots, cleaning and painting and that he never went as long as three weeks without performing all of these jobs, including sandblasting.

Coating presented no controverting evidentiary documents in opposition to INA's motion. It relied instead upon Melancon's deposition and also filed with the court memoranda concerning the proper construction to be given the policy provision quoted above and the arguable characterization of silicosis as an "accident" not a "disease".

■ The District Court made no findings and gave no reasons for granting INA summary judgment.[4] The poli-

---

3. Documents presented on the motion for summary judgment show an earlier date for termination of employment aboard the SNIPE, but the difference is not material to this appeal.

4. While findings of fact and conclusions of law are not required on decisions on motions for summary judgment, they are de-

sirable and minimize duplication of judicial effort. See, e. g., Steed v. Central of Georgia Ry. Co., 477 F.2d 1303 (CA5, 1973), Montgomery v. Otis Elevator, 472 F.2d 243 (CA5, 1973), and U. S. for the Use & Ben. of Industrial Instrument Corp. v. Hardeman, Inc., 320 F.2d 115 (CA5, 1963).

cy would cover Melancon's alleged silicosis or pneumoconiosis if that condition were determined to be either (1) an injury "by accident occurring during the policy period" or (2) an injury "by disease" caused or aggravated by exposure to conditions causing the disease, the last day of such exposure occurring during the policy period. Since the court granted summary judgment, we must assume that it considered there were no material disputed facts pertaining to either basis of coverage and that under this state of the facts the principles of law governing both bases excluded coverage.

The record before the Court establishes without contradiction that Melancon was exposed to sandblasting in his employment for Coating after the termination date of the INA policy. That record, however, does not establish without contradiction that such exposure was to conditions causing or aggravating the silicosis or pneumoconiosis condition Melancon alleges. INA has not met the burden resting on it to show that there is no genuine issue of fact material to its alleged direct liability to Melancon as the insurer of the allegedly negligent employer.[5] To the contrary, the Melancon deposition creates at least one genuine issue of fact material to INA's alleged liability. Melancon testified that when he had been exposed to sandblasting on shore, where he worked after the policy's termination date, he wore a canvas hood over his head. But he testified that when he had been exposed to sandblasting on board the M/V SNIPE, where he worked during the policy period, no such hood was available even though he asked for one. At least one

court has recognized that the use or nonuse of a mask or hood is a pertinent factor in determining the etiology of the condition known as silicosis. See Svoboda v. Mandler, 133 Neb. 433, 275 N.W. 599, 600 (1937). Whether the silicosis or pneumoconiosis Melancon alleges was caused in fact or aggravated by his exposure to sandblasting on shore after the policy's termination date when he wore a hood or was caused or aggravated solely by his exposure to sandblasting aboard the M/V SNIPE during the policy period when he wore no hood is an issue of fact which remains to be settled. This court makes no determination or intimation as to this question.

Since the unsettled question of fact is material to both bases of coverage provided by the policy, we need not address ourselves to the question of whether under the applicable law silicosis (or pneumoconiosis) is an accident or a disease. The judgment for INA is reversed and the case remanded for trial on its merits.

We assume that the court refused to permit Coating to file a third-party complaint against INA because it had concluded that there was no coverage and that this placed INA outside the language of Rule 14(a), F.R.Civ.P., one who "is or might be liable."[6] Our disposition of the summary judgment in favor of INA will require the District Court to reconsider its ruling on the third-party complaint and for that purpose the judgment refusing Coating the right to file such a complaint must be vacated.

Reversed in part, vacated in part, and remanded for further proceedings.

5. INA has not challenged Melancon's right to sue it directly for the alleged negligence of Coating outside Louisiana's territorial waters. See Sassoni v. Savoie, 327 F.Supp. 474 (E.D. La. 1971).

6. If there are other reasons the lower court can make them known upon remand.