JOT–EM–DOWN STORE (JEDS) INC., **formerly Farm Supply Center of Houston, Inc., Plaintiff-Appellant,**

v.

**COTTER AND COMPANY, et al., Defendants-Appellees.**

No. 80–1014.

United States Court of Appeals, Fifth Circuit.

Unit A

July 6, 1981.

---

**2.** Accord, *Budnick*, supra.

Schleider, Ewing & Francis, Ben H. Schleider, Jr., Paul S. Francis, Houston, Tex., for plaintiff-appellant.

Crady & Peden, Charles C. Crady, III, Douglas S. Johnston, Houston, Tex., for defendants-appellees.

Before RUBIN and GARZA, Circuit Judges, and SUTTLE *, District Judge.

ALVIN B. RUBIN, Circuit Judge:

To recover treble damages in a suit for violation of the antitrust laws, a suitor must establish that there was a viola-tion and that this actually caused him loss. Even when these are proved, however, the plaintiff must also establish the amount of harm he suffered with sufficient certainty to enable the trier-of-fact to assess damages. While the amount of damages is measured by a less exacting standard than proof of violation and injury, the trier-of-fact must be furnished with evidence sufficient for a determination that the loss is not speculative, for not all antitrust violations cause loss and not all losses are measurable.

A member of a hardware retailers' cooperative contends that the cooperative and its other members violated the antitrust laws in several respects. After trial on the merits, the district court, without giving any reasons, granted a directed verdict for the defendants. We are required by the Supreme Court decision in *J. Truett Payne Company, Inc. v. Chrysler Corp.*, —— U.S. ——, 101 S.Ct. 1923, 68 L.Ed.2d 442 (1981), to determine the sufficiency of the evidence to support a finding of antitrust violations before assessing injury in fact and quantum of damages. Because the district court did not assay the evidence on these issues separately and gave us no way to determine the reasons it directed a verdict, we remand so that it may do so.

Farm Supply, a Texas corporation, began to operate a retail hardware store in Houston in 1964. In 1967, it entered into a dealer contract with Cotter & Company (Cotter), one of the defendants. Cotter is a dealer-owned corporation engaged nationwide in the wholesale hardware business. It owns the "True Test," "Servess" and "True Value" trademarks. It also manufactures and distributes "True Test" paint and "Servess" lawnmowers. All of Cotter's stock is owned by its member dealers, save for ten shares of voting stock owned by its founder, John Cotter, who is a co-defendant. Cotter has 6000 dealer members engaged in retailing throughout the United States.

Cotter's gross sales in 1979 exceeded $1 billion. It is the largest hardware dealer in

* District Judge of the Western District of Texas, sitting by designation.

the United States. Its nearest competitor, Ace Hardware, also a dealer cooperative, had 1979 sales amounting to approximately $600 million.

Both Cotter and Ace aggregate the purchases of their member dealers to buy in large volume from manufacturers. In turn they resell in smaller quantities to members, passing along the price saving achieved.

Farm Supply contends that, in violation of the antitrust laws, particularly Section 1 of the Sherman Act, 15 U.S.C. § 1, Cotter (1) tied the purchase of advertising circulars and goods advertised therein to enjoyment of the True Value franchise program; (2) restrained its dealers from purchasing goods from Ace; (3) enforced territorial restrictions on its dealers; (4) restrained resale of its merchandise to discounters; and (5) engaged in price-fixing by setting uniformly the price stated in the circulars. Moreover, Farm Supply urges that Cotter violated its contract with Farm Supply by ceasing important mailings and by terminating the franchise without a two-thirds vote of the Board of Directors. At the conclusion of Cotter's presentation of evidence, without submitting the case to the jury, the district judge directed a verdict in Cotter's favor.

█ Whether the evidence was sufficient to support a jury verdict on any one or more of the many charges, we do not attempt to determine ab initio from the record. The district judge gave no reasons, oral or written, formal or informal, for directing a verdict after all the evidence had been submitted. While the Federal Rules of Civil Procedure do not require a statement of reasons by a trial judge granting a motion to dismiss, a summary judgment or a directed verdict, we have often stated that a reasoned statement is helpful not only to counsel but also to the appellate court. *Williamson v. Tucker*, 632 F.2d 579, 585–87 (5th Cir. 1980). *See also Huckeby v. Frozen Food Express*, 555 F.2d 542, 545 n.4 (5th Cir. 1977); *Melancon v. INA*, 482 F.2d 1057, 1059 (5th Cir. 1973); *United States ex rel. Industrial Investment Corp. v. Paul*

*Hardeman, Inc.*, 320 F.2d 115, 116 (5th Cir. 1963). *See generally*, C. Wright & A. Miller, Federal Practice and Procedure: Civil § 2575 (1971); 5A J. Moore, Moore's Federal Practice § 52.08 (1980). In all but the simplest case, such a statement usually proves not only helpful, but essential.

The spotlight of the appeal is given its focus by the trial judge's written decision, which shapes and sharpens the issues and reveals the basis for his action. Llewewllyn, The Common Law Tradition, 19–21 (1960). When given such aid, counsel know what issues must be met and the appellate court need not scour the entire record while it ponders the possible explanations. Without the light provided by such written findings and conclusion, we are unable to assess adequately the propriety of the directed verdict in this complicated antitrust action.

█ To recover treble damages under Section 4 of the Clayton Act, for a conspiracy in restraint of trade, in violation of the Sherman Act, the plaintiff must prove that the defendants violated the antitrust laws, that this breach caused injury in fact, and, under a somewhat less rigorous standard, the actual dollar amount of the damage. *Story Parchment Co. v. Paterson Paper Co.*, 282 U.S. 555, 51 S.Ct. 248, 75 L.Ed. 544 (1931); *Copper Liquor, Inc. v. Adolph Coors Company*, 506 F.2d 934, 953 (5th Cir. 1975); *Greene v. General Foods Corp.*, 517 F.2d 635, 660 (5th Cir. 1975). Because the economic harm is intangible and dissection of its extent is difficult, the wrongdoer, rather than the victim should bear "the risk of uncertainty that inheres in measuring the damage he causes." Note, Private Treble Damage Antitrust Suits: Measure of Damages for Destruction of All or Part of a Business, 80 Harv.L.Rev. 1566, 1572 (1967). *See Bigelow v. RKO Radio Pictures, Inc.*, 327 U.S. 251, 265, 66 S.Ct. 574, 580, 90 L.Ed.2d 652, 660 (1946). *See also* Lanzillotti, Problems of Proof of Damages in Antitrust Suits, 16 Antitrust Bull. 329 (1971); Guilfoil, Damage Determination in Private Antitrust Suits, 42 Notre Dame Lawyer 647 (1967); Timberlake, The Legal Injury Requirement and Proof of Damages in Treble

Damage Actions Under the Antitrust Laws, 30 G.W.L.Rev. 231, 252–282 (1961); Comment, Monetary Recovery Under Federal Antitrust Statutes, 45 Tex.L.Rev. 856 (1967). *Compare Kestenbaum v. Falstaff Brewing Corp.*, 514 F.2d 690 (1975), *modified* 575 F.2d 564 (5th Cir. 1978), *cert. denied*, 440 U.S. 909, 99 S.Ct. 1218, 59 L.Ed.2d 457 (1979); *Terrell v. Household Goods Carriers' Bureau*, 494 F.2d 16 (5th Cir.), *cert. denied*, 419 U.S. 487, 95 S.Ct. 246, 42 L.Ed.2d 260 (1974).

█ The amount of damage, like injury and causation, must be proved by sufficient evidence, but lesser certainty is required. *Terrell v. Household Goods Carriers' Bureau*, 494 F.2d at 20. As the Supreme Court said in *Story Parchment*, "The rule which precludes the recovery of uncertain damages applies to such as are not the certain result of the wrong, not to those damages which are definitely attributable to the wrong and only uncertain in respect of their amount." *Story Parchment Co. v. Paterson Parchment Paper Co.*, 282 U.S. at 562, 51 S.Ct. at 250, 75 L.Ed. at 548. "[W]hile the damages may not be determined by mere speculation or guess, it will be enough if the evidence show[s] the extent of the damages as a matter of just and reasonable inference, although the result be only approximate." *Id.* at 563, 51 S.Ct. at 250, 75 L.Ed at 548.

The complexity of the record makes it difficult for us to review the district court's directed verdict without any insight into the reasons the plaintiff failed to meet the standards for a directed verdict, articulated in *Boeing Company v. Shipman*, 411 F.2d 365, 374–75 (5th Cir. 1969) (en banc), on one or more of these issues. In *J. Truett Payne Company, Inc. v. Chrysler Motors Corp.*, —— U.S. ——, 101 S.Ct. 1923, 68 L.Ed.2d 442 (1981), the Supreme Court remanded a case arising under § 2(a) of the Clayton Act, as amended by the Robinson-Patman Act, 15 U.S.C. § 13(a), in which another panel of this Court reversed a verdict for the plaintiff and instructed the district court to dismiss the complaint because the plaintiff had "failed to introduce substantial evidence of injury attributable to the program, much

less substantial evidence of the amount of such injury." The Supreme Court cited with approval its prior decisions holding that, if an antitrust violation is established, damages may be awarded even though there is a "degree of uncertainty" in proof. *Id.* 101 S.Ct. at 1929. Evidence sufficient to support a "just and reasonable inference of damage" suffices. *Id. See also Zenith Radio Corp. v. Hazeltime Research*, 395 U.S. 100, 123, 89 S.Ct. 1562, 1576, 23 L.Ed.2d 129 (1969); *Bigelow v. RKO Radio Pictures*, 327 U.S. 251, 66 S.Ct. 574, 90 L.Ed.2d 652 (1946).

The Court, however, held:

Because the court below bypassed the issue of liability and went directly to the issue of damages, we simply do not have the benefit of its views as to whether respondent in fact violated § 2(a). Absent such a finding, we decline to apply to this case the lenient damage rules of our previous cases. Had the court below found a violation, we could more confidently consider the adequacy of petitioner's evidence.

Accordingly, we think the proper course is to remand the case so that the Court of Appeals may pass upon respondent's contention that the evidence adduced at trial was insufficient to support a finding of violation of the Robinson-Patman Act.

We do not know whether the district court's action was levered on failure to prove antitrust violations, fact of injury, damages, or all three. Like the Supreme Court, we are unable to review the district court's direction of a verdict absent a finding regarding the alleged antitrust violations. Only after such a finding is made, can this Court, or the district court, assess both that conclusion and the sufficiency of the proof of damages.

For the reasons given, and in accordance with the action taken by the Supreme Court in *J. Truett Payne, Inc.*, the judgment of the district court is VACATED and the case is REMANDED.