**Clifton M. McCLURE, Plaintiff-Appellee,**

v.

**UNDERSEA INDUSTRIES, INC., a corporation d/b/a Scubapro and Johnson Diversified, Inc., a corporation, Defendant-Appellant.**

**No. 80–7488.**

United States Court of Appeals, Eleventh Circuit.

Sept. 17, 1982.

Bradley, Arant, Rose & White, James W. Gewin, Birmingham, Ala., for Undersea, etc.

Phillip A. Geddes, Huntsville, Ala., for plaintiff-appellee.

Before MORGAN, KRAVITCH and HENDERSON, Circuit Judges.

ON PETITION FOR REHEARING AND SUGGESTION FOR REHEARING EN BANC

PER CURIAM:

Our original opinion in this case appears at 671 F.2d 1287 (11th Cir. 1982). There, we reversed a jury verdict in favor of the plaintiff-appellee, Clifton M. McClure. On petition for rehearing, we have carefully considered each of the arguments raised by McClure and adhere to our original opinion, with the following clarification.

■ We reiterate that a private antitrust plaintiff *must* prove injury caused by an antitrust violation in order to recover treble damages under § 4 of the Clayton Act 15 U.S.C. § 15. This requirement is written into the very language of § 4, which expressly limits the individual treble damage remedy to those private plaintiffs who suffer injury to business or property "by reason of" an antitrust violation. *Id.* After a search of the record in this case, we find no evidence at all which discloses that McClure was injured by an alleged post-termination boycott conspiracy. McClure's claims of price fixing, monopolization, and illegal termination as an authorized Scubapro dealer are not before us. The only issue here is McClure's charge that he was prevented from purchasing USI equipment after his termination as a result of a boycott conspiracy. The record clearly shows that McClure could and did in fact purchase Scubapro equipment after his termination at very favorable terms. Thus, the prerequisite causal connection between any alleged violation and injury is absent. McClure's assertions of injury all relate to the termination of his franchise, not to the post-termination boycott conspiracy. As emphasized in our original opinion, the distinction between the damage claims for these two separate causes of action is crucial to an understanding of the decision. *See* 671 F.2d at 1290–91.

■ Since we find no evidence of any injury resulting from the alleged boycott, and since the causal connection mandated by § 4 is non-existent, we do not feel that

*J. Truett Payne Co. v. Chrysler Motors Corp.*, 451 U.S. 557, 101 S.Ct. 1923, 68 L.Ed.2d 442 (1982), requires a ruling on the substantive violation. It is obvious to us that even assuming the existence of an alleged boycott conspiracy, it was totally ineffective because there was no injury to McClure. Under these circumstances, a substantive ruling would serve no useful purpose. *See Kypta v. McDonald's Corp.*, 671 F.2d 1282 (11th Cir. 1982) (post-*Payne* case affirming summary judgment for antitrust defendant because, assuming a violation existed, plaintiff had not proved that he suffered any injury as a result thereof). In *Payne*, the appellate court found no substantial evidence of injury to the plaintiff— here, we find no evidence at all. Also, the question in *Payne* was the "appropriate measure of damages" in a private treble damage suit based on the Robinson-Patman Act, 15 U.S.C. § 13(a). *Payne*, 451 U.S. at 559, 101 S.Ct. at 1925, 68 L.Ed.2d at 446. In *McClure*, the question was not the measure of damages, but proof of the essential element in a private treble damage suit—the causation of injury in fact. *Cf. Jot-Em-Down Store (JEDS), Inc. v. Cotter & Co.*, 651 F.2d 245 (5th Cir. 1981) (appellate court remanded for a substantive ruling because district judge directed a verdict without stating any reasons).

For the foregoing reasons, the petition for rehearing is DENIED. No member of this panel and no judge in regular active service on the court having requested that the court be polled on rehearing en banc (Rule 35, Fed.R.App.P.; Eleventh Circuit Rule 26), the suggestion for rehearing en banc is DENIED.