**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 95-30940
Summary Calendar
_____


FIRST NATIONAL BANK IN ST. MARY PARISH,

Plaintiff-Appellee,

VERSUS


GENINA MARINE SERVICES, INC.
AGATHA RIZZO KORNEGAY,
THOMAS WILSON BRIGHTMAN KORNEGAY, JR.,
as administrator of the successor of
Thomas Wilson Brightman Kornegay, Sr.,

Defendants-Third-party Plaintiffs
Appellants,

VERSUS

U.S. DEPARTMENT OF AGRICULTURE,
FARMERS HOME ADMINISTRATION,

Third-Party Defendant-Appellee.


_____

Appeal from the United States District Court
for the Western District of Louisiana
(94-CV-1851)
_____

April 8, 1996

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

The appellants appeal the dismissal of their third-party claim

Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

for want of jurisdiction.  We vacate and remand for the purpose of allowing the district court to state its reasons, so that we can give this case the appropriate appellate review.

I.

This appeal arises out of the following uncontested facts: The First National Bank in St. Mary's Parish ("FNB") executed a $985,000 promissory note with Genina, Inc. (now Genina Marine Services).  The promissory note was divided into two portions.  The first portion ("the loan"), which comprised ninety percent of the promissory note, was secured by a guaranty and Lender's Agreement from the Farmers Home Administration (the "FmHA").[1]  The entire promissory note (the 90% guaranteed portion and the remaining 10%) was secured by the Kornegays' residence, other real estate, business equipment, and Wilson and Agatha Kornegay's personal guaranty.

FNB sold the loan to Pequot Partners, retaining duties as the servicing agent and retaining its rights to the security instruments, exclusive of the FmHA's guaranty.  After the loan passed to Pequot Partners, it went into default.  Pequot Partners exercised the FmHA's guaranty according to the Lender's Agreement, under which the FmHA purchased the loan.  Thereafter, the FmHA endorsed the loan to FNB, and FNB filed suit in Louisiana state court against Genina Marine Services, Agatha Kornegay, and Thomas

---

[1] Only the 90% portion of the promissory note secured by the FHA ("the loan") is the subject of this appeal.

Kornegay, Jr., as administrator of the estate of Wilson B. Kornegay ("appellants"), to enforce the loan and to foreclose the home mortgage securing it.

The appellants filed a third-party petition against the FmHA based in contract and tort, alleging that they had reached an accord with the FmHA to satisfy their obligation under the loan and that the suit filed by FNB breached this accord. The appellants contended that the FmHA was the holder of the loan and that FNB was suing on behalf of the FmHA. The FmHA removed the action to federal court, where the district court dismissed the appellants' claim against the FmHA and remanded the case between FNB and the appellants to state court.

## II.

### A.

As a preliminary matter, the district court did not enter a judgment separate from its order of dismissal as required by FED. R. CIV. P. 58, and neither party objected to such omission. The district court, however, plainly intended to end the litigation with its order of dismissal, and the appellants filed a timely notice of appeal from the purported final order. In such a situation, we may exercise jurisdiction over the appeal. *Whitaker v. City of Houston*, 963 F.2d 831, 833-34 (5th Cir. 1992); *Townsend v. Lucas*, 745 F.2d 933, 934 (5th Cir. 1984).

### B.

In its motion for dismissal, the FmHA raised two bases for dismissal: lack of subject matter jurisdiction based upon its sovereign immunity and failure of service of process. The district court did not state the basis for its dismissal, but simply granted the FmHA's motion to dismiss. The appellants raise only the issue regarding dismissal for lack of subject matter jurisdiction on appeal.

Because the district court gave no reason for its dismissal, we cannot tell whether dismissal was for failure to service properly or for sovereign immunity. Because the service-of-process issue cannot be adequately determined, and because the district court may have relied upon it rather than immunity, we remand to the district court for limited purpose of obtaining reasons. In *Jot-Em Down Store (JEDS), Inc. v. Cotter & Co.*, 651 F.2d 245, 247 (5th Cir. 1981), we noted that, "[w]hile the Federal Rules of Civil Procedure do not require a statement of reasons by a trial judge for a motion to dismiss, a summary judgment or a directed verdict, we have often stated that a reasoned statement is helpful not only to counsel but also the appellate court." This is one case in which an explanation of the ruling may obviate considerable effort by this court.

Accordingly, the judgment is VACATED and REMANDED.