**Carl John CONNOLLY and Paul Connolly, Plaintiffs-Appellants,**

v.

**William V. FARMER, Individually, and as surviving husband of Edith P. Farmer, Defendant-Appellee.**

**No. 73-2243**

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Sept. 12, 1973.

Kenneth Johnson, Wichita Falls, Tex., for plaintiffs-appellants.

Jack G. Banner, Wichita Falls, Tex., L. Royce Coleman, Jr., Denton, Tex., for defendant-appellee.

Before THORNBERRY, GOLDBERG and RONEY, Circuit Judges.

PER CURIAM:

This is an appeal by the plaintiff in a personal injury action in which jurisdiction is founded on diversity of citizenship. Plaintiff was denied all recovery following a jury trial; and the only point of error alleged is that the district judge incorrectly excluded the testimony of a doctor and certain tape recordings containing statements made by plaintiff while under hypnosis. Finding that the ruling below, even if held to be error, did not affect "the substantial rights of the parties," we affirm. Rule 61, F.R.Civ.P.

This case arose from a tragic automobile accident in Clay County, Texas, on December 21, 1970. Originally both parties brought suit and the cases were consolidated for jury decision. During the trial, however, the actions were severed by mutual agreement, and the instant cause was tried to the jury already impaneled. One hotly contested issue at the trial was the speed at which plaintiff was driving at the time of the accident. Since the parties agreed that the collision occurred while defendant was in the process of making a left turn across plaintiff's lane, plaintiff's rate of

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York, 5 Cir. 1970, 431 F.2d 409, Part I.

speed was crucial for determining both defendant's exercise of due care and plaintiff's contributory negligence.

Defendant produced several witnesses who testified that plaintiff was going very fast, approximately 90 miles per hour. In the early stages of the trial, plaintiff claimed to be suffering amnesia, and therefore did not contradict or confirm these allegations. A Dr. Humphrey had examined plaintiff, and he testified that the amnesia was legitimate. Plaintiff's counsel also wanted the doctor to testify to the statements that plaintiff made while under hypnosis and to produce the tapes of those sessions. The doctor's testimony and the tapes would have indicated plaintiff's contention that his speed prior to the accident was only 55 miles per hour. Plaintiff proposes that these statements were admissible under long recognized exceptions to the hearsay rule for doctor-patient communications both as a foundation for the doctor's conclusion that the amnesia was genuine, and as substantive evidence of the speed. *Cf.* Atlantic Coast Line R. Co. v. Dixon, 5 Cir., 1953, 207 F.2d 899; Meaney v. United States, 2 Cir., 1940, 112 F.2d 538. The able district judge excluded the testimony, finding it inadmissible as substantive evidence and holding that an instruction limiting the evidence to the question of the validity of the doctor's opinion would not be sufficient to safeguard against use of the hypnosis-induced statements as evidence of plaintiff's speed.

Plaintiff argues with some persuasion that, at least insofar as it laid the foundation for the doctor's expert opinion, the evidence excluded below ought to have been admitted. However, we need decide neither this limited question nor the broader issue of admissibility as substantive evidence. At a later stage in the proceedings following the original offer of proof, plaintiff's memory was restored, allegedly through the use of post-hypnotic suggestion, and he gave his version of the accident. Under questioning from the defense, and over the objection of his counsel, plaintiff informed the jury in general terms of how much information came from pure memory and how much was revealed to him through hypnosis. In effect, the jury did learn the results of the hypnosis, and no prejudice to plaintiff resulted from the exclusion of either the doctor's testimony or the tapes.

Affirmed.