Herbert ASKEW, an incompetent, by his Conservator, Virginia Askew, Petitioner,

v.

UNITED STATES DISTRICT COURT FOR the CENTRAL DISTRICT OF CALIFORNIA, Respondent,

SCHAEFER'S AMBULANCE SERVICE, INC., a corporation, and the United States of America, Real Parties in Interest.

No. 75–2222.

United States Court of Appeals, Ninth Circuit.

Nov. 19, 1975.

470

Allen E. Botney (argued), Botney, Robbins & Kay, Encino, Cal., for petitioner.

F. Eugene Westhafer (argued), Buck & Smith, Long Beach, Cal., for real party in interest.

Before HUFSTEDLER and SNEED, Circuit Judges, and THOMPSON,* District Judge.

OPINION

PER CURIAM:

Askew sought mandamus to compel the district court to retain jurisdiction over Schaefer's Ambulance Service ("Schaefer's"), the real party in interest. Askew brought an action against the United States, under the Federal Tort Claims Act, and against Schaefer's for personal injuries that he sustained in a collision between Schaefer's ambulance, in which he was being transported, and a United States mail truck. He argued that the district court had jurisdiction over his action against Schaefer's because that claim arose out of the same accident that generated his claim against the United States. Thus, he contends, the district court had pendent jurisdiction, even though no independent ground for federal jurisdiction existed to support his action against Schaefer's. The district court dismissed his claim against Schaefer's for want of jurisdiction of the subject matter.

The threshold question is whether Askew has stated facts sufficient to justify issuance of the writ. We conclude that he did not do so. "[I]t is established that the extraordinary writs cannot be used as substitutes for appeals, *Ex parte Fahey,* 332 U.S. 258, 259–260 [67 S.Ct. 1558, 1559, 91 L.Ed. 2041] (1947), even though hardship may result from delay and perhaps unnecessary trial, *United States Alkali Export Ass'n v. United States,* 325 U.S. 196, 202–203, 65 S.Ct. 1120, 1124, 1125, 89 L.Ed. 1554 (1945); *Roche v. Evaporated Milk Ass'n, supra* [319 U.S. 21], at 31 [63 S.Ct. 938, at 31, 87 L.Ed. 1185] . . . ." (*Bankers Life & Cas. Co. v. Holland* (1953) 346 U.S. 379, 383, 74 S.Ct. 145, 148, 98 L.Ed. 106.) Mandamus cannot be resorted to unless "appeal is a clearly inadequate remedy." (*Ex parte Fahey, supra,* 332 U.S. at 260, 67 S.Ct. at 1559.) "As extraordinary reme-

---

* Honorable Bruce Thompson, United States District Judge for the District of Nevada, sitting by designation.

dies, they [the prerogative writs] are reserved for really extraordinary causes." (*Id.*)

Askew has two remedies by way of appeal: (1) He could have but did not apply to the district court to certify as final the order that determined the action with respect to fewer than all of the parties, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. (9 J. Moore, Federal Practice (2d ed. 1973) ¶ 110.09, at 127.) "A Rule 54(b) certificate makes the order containing it appealable as of right by the filing of a notice of appeal under Rule 4(a) of the Federal Rules of Appellate Procedure." (9 J. Moore, *supra,* ¶ 110.22[5], at 266.) If he had sought and obtained a certificate under Rule 54(b), the scope of appellate review would be broader than that available under mandamus because the resulting appeal is not subject to the restrictions that inhere in the writ process. (2) He can also appeal from the final judgment in his pending case against the United States.

■ Askew has not met his initial burden of showing that his ordinary appellate remedies are "clearly inadequate." Nor has he shown that any of the circumstances are extraordinary justifying issuance of the writ.

We have no occasion to, and we do not, reach the merits of his jurisdictional argument.

Writ denied.