SUBHI ABDALLAH

v.

HARTFORD FIRE INSURANCE CO.

HODGE, SHEEN & FINCH, Intervenors in D.C., Appellants

No. 75-1612

United States Court of Appeals

Third Circuit

Argued April 26, 1976

Filed May 26, 1976

JOHN B. NICHOLS, ESQ. (NICHOLS & SILVERLIGHT), Christiansted, St. Croix, V.I., *for appellant*

DAVID V. O'BRIEN, ESQ. (MERWIN, ALEXANDER & O'BRIEN) and RUSSELL B. JOHNSON, ESQ., Christiansted, St. Croix, V.I., *for appellee*

Before VAN DUSEN, ADAMS and ROSENN, *Circuit Judges*

PER CURIAM

After filing the complaint in this case in May 1974, the firm originally representing plaintiff withdrew and new counsel was substituted in June 1974. Plaintiff filed a motion for summary judgment in July 1974 and defendant filed a motion for summary judgment in October 1974, supported by affidavits. Thereafter, on October 25, 1974, the firm which originally represented plaintiff (Hodge, Sheen & Finch) moved to intervene as a party defendant.[1]

In a memorandum filed March 18, 1975, the district court ruled:

(1) the law firm of Hodge, Sheen and Finch is granted permission to intervene;

(2) summary judgment for defendant will be granted; and

(3) appropriate pleadings should be filed on behalf of plaintiff and intervenor within 30 days.

The order granting the summary judgment was not entered until April 10, 1975.[2] On May 6, 1975, the intervenor filed a notice of appeal from the order granting summary judgment in favor of the defendant. Then, on November 21, 1975, the defendant insurance company filed a motion to dismiss the appeal.

---

[1] This motion alleged "the intervenors have an interest in the subject matter of the transaction in that the Plaintiff has threatened to institute suit against them and the testimony of one of the partners will be requested in a trial of the merits, an affidavit of same already being of record; further, it is submitted that their interests are not adequately represented by existing parties." (22a–23a).

[2] This judgment provided, inter alia, as follows:

"This matter having come before the Court on cross-motions for summary judgment by Plaintiff and Defendant . . . and the Court being satisfied that none of the material facts are in dispute . . . , it is

ORDERED: That summary judgment is entered in favor of the Defendant, and the Plaintiff's cause of action is dismissed, and it is further

ORDERED: That the appropriate pleadings on behalf of Plaintiff and Intervenor are to be filed with this Court not later than April 18, 1975".

It is clear that such judgment does not "direct the entry of a final judgment as to . . . fewer than all of the claims or parties . . . upon an express determination that there is no just reason for delay . . . ." See F. R. Civ. P. 54(b).

Under these circumstances, it is clear that a cause of action by plaintiff against intervenor had been recognized by the court on March 18, 1975, and was pending when the judgment of April 10 was entered. For this reason, the April 10 judgment was not an appealable judgment. See F. R. Civ. P. 54(b); Allis Chalmers Corp. v. Philadelphia Electric Co., 521 F.2d 360, 364 (3d Cir. 1975). For the foregoing reasons, the appeal will be dismissed.