Jerry E. **HARDIN**, Plaintiff-Appellant,

v.

**M/V BEN CANDIES**, Defendant,

**Otto Candies, Inc. and/or Humble Oil & Refining Company,**
**Defendants-Appellees.**

No. 76–3666
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

March 25, 1977.

John J. Cummings, III, Gregory F. Gambel, New Orleans, La., for plaintiff-appellant.

Leonard A. Radlauer, New Orleans, La., for Otto Candies.

Before GOLDBERG, CLARK and FAY, Circuit Judges.

PER CURIAM:

In this action Jerry E. Hardin seeks damages from Otto Candies, Inc. and Exxon Corporation for damages allegedly resulting from a March 20, 1971 accident on the high seas. Hardin asserts three causes of action,

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

396

based on the Jones Act, general maritime law, and maintenance and cure.

The district court granted summary judgment against Hardin on the Jones Act claim, relying upon the statute of limitations. Hardin attempts to appeal that decision.

■ When more than one claim for relief is involved in an action, the resolution of a single claim is not appealable unless the district court expressly determines that there is no just reason for delay and expressly directs the entry of judgment. *See* Fed.R.Civ.P. 54(b). The district court made no such determination or direction here, and the order disposing of one of the three claims at issue is therefore not appealable. Although the parties have not raised the issue, we must dismiss the appeal for lack of jurisdiction.

Appeal DISMISSED.