Carolyn HUCKEBY, Plaintiff,

v.

FROZEN FOOD EXPRESS, Defendant-Appellee,

v.

Alice BOBO, Intervenor-Appellant.

No. 75–3633.

United States Court of Appeals, Fifth Circuit.

July 11, 1977.

Carol M. Barger, Dallas Legal Services Foundation, Inc., Dallas, Tex., for intervenor-appellant.

Allen P. Schoolfield, Jr., John M. Weissert, Dallas, Tex., for defendant-appellee.

Before TUTTLE, GOLDBERG and CLARK, Circuit Judges.

CLARK, Circuit Judge:

Alice Bobo, a would-be intervenor in this employment discrimination suit brought by Carolyn Huckeby against Frozen Food Express, Inc., appeals from the district court's dismissal of her complaint. She asks us to decide whether she can resurrect her own time-barred Title VII claim by intervening in someone else's ongoing Title VII action against the company she wishes to sue. Since we find that we lack jurisdiction to review the decision of the court below, we dismiss her appeal.

I. Factual and Procedural Background

The lawsuit in which Bobo wishes to participate commenced on July 2, 1974, when Huckeby, a secretary employed by Frozen Food Express, filed a complaint alleging that her employer had violated provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. § 2000e *et seq.* (1974). Specifically, Huckeby claimed that Frozen Food Express had refused to promote her on the basis of her sex and had denied her financial benefits and other emoluments of employment which it granted to its male employees. There is no indication that Huckeby intended her suit to be anything other than an individual action, and it has never been certified as a class action.[1]

In September of 1973, Bobo filed a written charge with the Equal Employment Opportunity Commission [EEOC] alleging that Frozen Food Express had refused to hire her as a truck driver on the basis of her sex. On May 10, 1974, the EEOC mailed to Bobo's attorney, a member of the Dallas Legal Services Foundation, Inc., a document notifying Bobo of her right to bring a civil action against Frozen Food Express within 90 days. Because the Foundation does not handle cases likely to generate an award of attorneys fees, Bobo's attorney referred the matter to a private attorney for further action. By the time he interviewed Bobo and examined her file, the 90-day limitations period established by statute[2] had expired. This extinguished

---

1. At oral argument Bobo conceded that Huckeby's suit cannot be regarded as a class action.

2. 42 U.S.C.A. § 2000e–5(f)(1) (1974).

Bobo's right to bring a civil action against Frozen Food Express on her own.[3]

■ Bobo petitioned for leave to intervene in Huckeby's suit on September 18, 1974, more than 120 days after she had received the EEOC's notice advising her of her right to sue. The district court granted her motion on an ex parte basis the following day. Bobo immediately filed a complaint alleging that Frozen Food Express had denied her employment on the basis of her sex. On October 11, 1974, Frozen Food Express moved for the dismissal of Bobo's complaint. In a brief filed in support of its motion to dismiss, Frozen Food Express argued (a) that the district court should dismiss Bobo's complaint for lack of jurisdiction, and (b) that the district court should reconsider its order permitting Bobo to intervene because she could not satisfy the requirements for either permissive intervention or intervention as of right under Rule 24 of the Federal Rules of Civil Procedure. The district court granted the motion to dismiss on July 24, 1975, but did not vacate its earlier order allowing Bobo to intervene and failed to enter a judgment

against her. Although the order does not reveal the basis for the district court's decision,[4] an examination of the record convinces us that Bobo's complaint was dismissed for want of jurisdiction.

## II. Appellate Jurisdiction

[3, 4] The United States Courts of Appeals are courts of limited statutory jurisdiction. 28 U.S.C.A. § 1291 (1966) grants this court the authority to entertain "appeals from all final decisions of the district courts of the United States." Rule 54(b) of the Federal Rules of Civil Procedure provides that in actions involving multiple claims for relief or multiple parties an order that finally disposes of one or more but fewer than all of the claims for relief asserted, or completely determines the rights and liabilities of one or more but fewer than all of the parties, does not terminate the action in the district court and is subject to revision at any time prior to entry of a final decision unless the district court has (1) expressly determined that there is no just reason for delay, and (2) expressly directed entry of a judgment.[5] In the ab-

---

3. *Alexander v. Gardner-Denver Corp.*, 415 U.S. 36, 48, 94 S.Ct. 1011, 1019, 39 L.Ed.2d 147, 158 (1974); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 799, 93 S.Ct. 1817, 1822, 36 L.Ed.2d 668, 676 (1973); *Genovese v. Shell Oil Co.*, 488 F.2d 84 (5th Cir. 1973). Bobo does not contend that the document she received was misleading or otherwise improper. *See generally Zambuto v. American Tel. & Tel. Co.*, 544 F.2d 1333 (5th Cir. 1977).

4. Bobo urges that we remand this case because the district court neglected to issue findings of fact and conclusions of law to explain its order dismissing her complaint. Since the district court's order is a dismissal for want of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure, the court was not required to "find the facts specially and state separately its conclusions of law thereon." Fed.R.Civ.P. 52(a). "Findings of fact and conclusions of law are unnecessary on decisions of motions under Rules 12 or 56 . . ." *Id.; Robins Prod. Co. v. Tomecek*, 465 F.2d 1193, 1196 (6th Cir. 1972). Application of this principle is particularly appropriate in this instance because the district court was not required to resolve any factual issues in ruling on the defendant's motion. *See generally King v. Wall & Beaver St. Corp.*, 79 U.S.App.D.C. 234, 145 F.2d 377, 381 (1944); 5A J. Moore & J.

Lucas, Moore's Federal Practice ¶ 52.08, pp. 2738–39 (2d ed. 1975). We note, however, that even when the rules do not require that findings of fact and conclusions of law be issued, a concise statement by the district court of the grounds for its decision is desirable. *See Melancon v. Insurance Co. of North America*, 482 F.2d 1057, 1059 n.4 (5th Cir. 1973); *Steed v. Central Ga. Ry. Co.*, 477 F.2d 1303, 1305 (5th Cir. 1973); *United States ex rel. Industrial Inv. Corp. v. Paul Hardeman, Inc.*, 320 F.2d 115, 116 (5th Cir. 1963).

5. Rule 54(b) declares:

When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the

sence of a certification[6] by the district court that meets these two requirements, a partial disposition of a multi-claim or multi-party action does not qualify as a final decision under Section 1291 and is ordinarily an unappealable interlocutory order. C. Wright, Federal Courts § 101, p. 506 (3d ed. 1976); 6 J. Moore & J. Wicker, Moore's Federal Practice ¶ 54.28[2], pp. 369 & 373 (2d ed. 1976); *see e.g., Hardin v. M/V Ben Candies*, 549 F.2d 395 (5th Cir. 1977); *Bailey v. McCann*, 539 F.2d 501 (5th Cir. 1976), *appeal after remand*, 550 F.2d 1016 (5th Cir. 1977) (case remanded for certification); *B. B. Adams General Contractors, Inc. v. Department of Housing and Urban Development*, 501 F.2d 176 (5th Cir. 1974); *General Motors Corp. v. Dade Bonded Warehouse, Inc.*, 498 F.2d 327 (5th Cir. 1974).

It is undisputed that the district court never certified its order dismissing Bobo's complaint for immediate appeal under Rule 54(b). Indeed, it does not appear that Bobo ever requested that it do so. The remaining questions we must answer, then, are whether this is the type of action which Rule 54(b) covers, and whether one of the exceptions to the certification requirement is applicable.

█ In *Dickinson v. Petroleum Conversion Corp.*, 338 U.S. 507, 70 S.Ct. 322, 94 L.Ed. 299 (1950), which was decided under the original version of Rule 54,[7] the Supreme Court held that an order fully adjudicating an intervenor's claim was final even though the claims asserted by the other parties to the action were still pending. But under the amended rule this is no longer the law. 6 J. Moore & J. Wicker, Moore's Federal Practice ¶ 54.15[2], pp. 195–96 & ¶ 54.38, p. 643 (2d ed. 1976). The modern version of the rule applies to actions involving multiple parties as well as to those involving multiple claims. When the district court granted Bobo's petition for leave to intervene, Huckeby's suit against Frozen Food Express became a multiparty action. *Abdallah v. Hartford Fire Insurance Co.*, 536 F.2d 20 (3d Cir. 1976). Therefore, this is the type of case that Rule 54(b) covers.

█ It does not necessarily follow from the fact that the district court's dismissal of Bobo's complaint is not appealable as a final decision that it is not an appealable order. Where there is no certification, Rule 54(b) merely deprives of finality most orders that would have been final under Section 1291 had they not been entered in a suit involving multiple claims or multiple parties. A Rule 54(b) certification is not a prerequisite to judicial review if (1) the appealability of the order is not dependent on finality because it is made appealable by statute or has been certified for appeal pursuant to 28 U.S.C.A. § 1292(b) (1966), (2) the *Cohen*[8] rule, the *Wood*[9] rule, or the *Forgay*[10] rule

---

action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

6. For convenience we shall refer to the combination of the express direction and the express determination as a "certification."

7. Fed.R.Civ.P. 54, 308 U.S. 732–33 (1938).

8. *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). When *Cohen* applies, the challenged order is final for Section 1291 purposes and is therefore appealable irrespective of whether a Rule 54(b) certification has been made. *Diaz v. Southern Drilling Corp.*, 427 F.2d 1118 (5th Cir.), *cert. denied sub nom., Trefina A. G. v. United States*, 400 U.S. 878, 91 S.Ct. 118, 27 L.Ed.2d 115 (1970); *Swanson v. American Consumer Indus., Inc.*, 517 F.2d 555, 561 (7th Cir. 1975);

*Redding & Co. v. Russwine Constr. Corp.*, 135 U.S.App.D.C. 153, 417 F.2d 721, 726 n.33 (1969); *Baxter v. United Forest Prod. Co.*, 406 F.2d 1120, 1123 (8th Cir.), *cert. denied*, 394 U.S. 1018, 89 S.Ct. 1635, 23 L.Ed.2d 42 (1969); 6 J. Moore & J. Wicker, Moore's Federal Practice ¶ 54.31 (2d ed. 1976).

9. *United States v. Wood*, 295 F.2d 772 (5th Cir.), *cert. denied*, 369 U.S. 850, 82 S.Ct. 933, 8 L.Ed.2d 9 (1961). Where an order is made final by operation of the *Wood* rule, compliance with Rule 54(b) is not required.

10. *Forgay v. Conrad*, 47 U.S. (6 How.) 201, 12 L.Ed. 404 (1848). Two other circuits have held that, unlike *Cohen*, *Forgay* does not make orders to which Rule 54(b) applies appealable where no certification has been made. *United Bonding Co. v. Stein*, 410 F.2d 483, 485 n.2 (3d Cir. 1969); *Zwack v. Kraus Bros. & Co., Inc.*,

impart Section 1291 finality to the order, or (3) the *Jetco*[11] rule excuses the failure to comply with Rule 54(b). Bobo, however, cannot invoke any of these exceptions to the coverage of Rule 54(b). To begin with, the order she complains of is not within the class of interlocutory orders made appealable by Section 1292(a),[12] or by any other statute authorizing immediate appellate review.[13] Since the district court has not issued a Section 1292(b) certification, that provision does not give us jurisdiction over her appeal. Nor does the *Jetco* rule apply.

*Jetco Electric Industries, Inc. v. Gardiner,* 473 F.2d 1228 (5th Cir. 1973), was a suit brought by two plaintiffs against Engineers Testing Laboratories, Inc. [ETL], Gardiner, and Gardiner Electronics Company. On March 10, 1972, the district court dismissed the plaintiffs' claims against ETL. The order was not a final judgment since it did not determine the plaintiffs' rights against Gardiner or his company and no Rule 54(b) certification had been made. Several months later the district court entered an agreed judgment disposing of the plaintiffs' suit against Gardiner and the Gardiner Electronics Company that also was not a final judgment because it did not determine the plaintiffs' rights against ETL and no Rule 54(b) certification had been issued. The plaintiffs appealed from each order at the time it was entered. We held that since the two orders, when considered together, "terminated this litigation just as effectively as would have been the case had the

district judge gone through the motions of entering a single order formally reciting the substance of the earlier two orders," the first was appealable under the practical approach to finality mandated by *Gillespie v. United States Steel Corp.,* 379 U.S. 148, 152, 85 S.Ct. 308, 311, 13 L.Ed.2d 199, 202–203 (1964) and *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. at 546, 69 S.Ct. at 1226, 93 L.Ed. at 1536. 473 F.2d at 1231. Because Huckeby's claim against Frozen Food Express still has not been finally adjudicated, the *Jetco* rule does not give us jurisdiction over the order dismissing Bobo's complaint.

■ Reliance on the three doctrines that impart Section 1291 finality to what are otherwise unappealable interlocutory orders would be similarly unavailing. *Cohen's* "collateral order doctrine" makes final, and hence appealable under Section 1291

that small class [of orders that do not fully resolve the dispute between the parties but] which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated.

337 U.S. at 546, 69 S.Ct. at 1225–26, 93 L.Ed. at 1536. *See Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 169–72, 94 S.Ct. 2140, 2148–50, 40 L.Ed.2d 732, 743–46 (1974). In *Cohen,* an appeal was taken

---

237 F.2d 255, 262 (2d Cir. 1956). We have doubts about the soundness of their rationales, *see* 15 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure § 3910, pp. 464–66 (1976), but we find it unnecessary to resolve the issue here. For the purposes of this case we assume that where the *Forgay* rule applies, it renders compliance with Rule 54(b) unnecessary.

**11.** *Jetco Elec. Indus., Inc. v. Gardiner,* 473 F.2d 1228 (5th Cir. 1973).

**12.** 28 U.S.C.A. 1292(a) (1966) provides:
 The courts of appeals shall have jurisdiction of appeals from: (1) interlocutory orders of the district courts . . . granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify

injunctions, except where a direct review may be had in the Supreme Court;
 (2) Interlocutory orders appointing receivers, or refusing orders to wind up receiverships or to take steps to accomplish the purposes thereof, such as directing sales or other disposals of property;
 (3) Interlocutory decrees of such district courts or the judges thereof determining the rights and liabilities of the parties to admiralty cases in which appeals from final decrees are allowed;
 (4) Judgments in civil actions for patent infringement which are final except for accounting.

**13.** *See* statutes cited in 15 C. Wright, A. Miller & E. Cooper Federal Practice & Procedure § 3901, p. 397 n.12 (1976 & Supp. 1977).

from the district court's ruling that a New Jersey procedural statute did not apply to suits in which jurisdiction is based on 28 U.S.C.A. § 1332 (1966). The provision made derivative action plaintiffs holding small amounts of stock liable for expenses and attorney's fees incurred by prevailing defendants and required security for payment. In holding the order appealable the Supreme Court emphasized the fact that the defendant's rights could not be adequately protected if they were forced to delay their appeal until the entry of a final judgment.

> "When that time comes, it will be too late effectively to review the present order and the rights conferred by the statute, if it is applicable, will have been lost, probably irreparably."

337 U.S. at 546, 69 S.Ct. at 1225, 93 L.Ed.2d at 1536. *See Hitt v. Nissan Motor Co. (In re Nissan Motor Corp. Antitrust Litigation),* 552 F.2d 1088, 1094–95 (5th Cir. 1977), *quoting Litton Systems, Inc. v. Southwestern Bell Telephone Co.,* 539 F.2d 418, 425 (5th Cir. 1976), *and Diaz v. Southern Drilling Co.,* 427 F.2d 1118, 1123 (5th Cir.), *cert. denied sub nom., Trefina A. G. v. United States,* 400 U.S. 878, 91 S.Ct. 118, 27 L.Ed.2d 115 (1970).

*Forgay v. Conrad,* 47 U.S. (6 How.) 201, 12 L.Ed. 404 (1848) establishes an alternative route to Section 1291 finality in a manner similar to *Cohen. Forgay* was a suit by an assignee in bankruptcy to set aside allegedly fraudulent conveyances and to obtain an accounting of profits. The district court had directed the appellant to immediately deliver the property at issue to the plaintiff, and had also ordered that an accounting be made at a later date. Had the single judicial unit theory been adhered to, the property would have been sold and the proceeds distributed among the creditors of the bankrupt before the defendant could have challenged the ruling on appeal. Stressing the near-finality of the order ("the bill is retained merely for the purpose of adjusting the accounts referred to the master"), and the fact that delay would render the "right of appeal . . . of very little value . . . [to the defendant because he] may be ruined before he is permitted to avail himself of the right," the Supreme Court held that the order compelling the transfer of the property to the opposing party could be appealed at once. 47 U.S. (6 How.) at 204 & 205, 12 L.Ed. at 405 & 406.

The third doctrine is typified by our decision in *United States v. Wood,* 295 F.2d 772 (5th Cir.), *cert. denied,* 369 U.S. 850, 82 S.Ct. 933, 8 L.Ed.2d 9 (1961). In *Wood* the federal government sought an injunction restraining an imminent prosecution for breach of the peace which it believed was designed to intimidate qualified black citizens from registering to vote. When the district court denied its motion for a temporary restraining order pending a hearing on its request for a preliminary injunction, the government appealed. We held that we possessed jurisdiction to hear the appeal from the otherwise unappealable disposition of the motion for temporary restraining order because "[a]s a practical matter . . it is clear that the denial of the restraining order is a final disposition of the Government's claimed right to prevent the prosecution . . . . [To] call this de facto dismissal a nonappealable interlocutory order is to preclude review altogether." 295 F.2d at 777. *Cf. Hines v. D'Artois,* 531 F.2d 726 (5th Cir. 1976) (ordering staying suit brought under 42 U.S.C.A. §§ 1981 & 1983 (1974) pending exhaustion of administrative remedies held final because it effectively killed the action by placing it in an "extended state of suspended animation"); *Eisen v. Carlisle & Jacquelin,* 370 F.2d 119 (2d Cir. 1966), *cert. denied,* 386 U.S. 1035, 87 S.Ct. 1487, 18 L.Ed.2d 598 (1967) (ruling that suit could not be maintained as class action held final where the value of the individual claims was so small that the litigation would not be continued by the class members independently).

Although these three doctrines differ from each other in several respects, they are united by a common theme. As we expressed it in *Wood,* each applies only where there is

an order, otherwise nonappealable, determining substantial rights of the parties *which will be irreparably lost if review is delayed until final judgment* . . . (emphasis added).

295 F.2d at 778. *See Sears Roebuck & Co. v. Mackey,* 351 U.S. 427, 441, 76 S.Ct. 895, 903, 100 L.Ed. 1297, 1309 (1956) (Frankfurter, J., concurring). Bobo has not shown that she will be irretrievably injured should immediate appellate review be withheld. If the district court erred in dismissing her complaint, she could secure reversal and an opportunity to have her claim tried on the merits by appealing to this court after a final decision is entered on Huckeby's claim against Frozen Food Express. Therefore, neither *Cohen, Forgay,* nor *Wood* is applicable.[14]

 Bobo contends that a Rule 54(b) certificate is not necessary to establish our jurisdiction over her appeal because the district court's order amounted to a denial of her motion for leave to intervene, and no certificate is required to secure review of an order refusing leave to intervene. Although her perception of the appealability of orders denying intervention is correct, *see e.g., United States v. Allegheny-Ludlum Industries, Inc.,* 517 F.2d 826, 841 (5th Cir. 1975), *cert. denied,* 425 U.S. 944, 96 S.Ct. 1684, 48 L.Ed.2d 187 (1976); *Weiser v. White,* 505 F.2d 912, 916–17 (5th Cir.), *cert. denied,* 421 U.S. 993, 95 S.Ct. 1998, 44 L.Ed.2d 482 (1975), Bobo stumbles when she characterizes the district court's order as a denial of intervention. The district court granted her petition for leave to intervene on September 18, 1974. It had something

quite different from the criteria enumerated in Rule 24 in mind—namely, her failure to file her Title VII suit within the statutory period—when it dismissed her complaint the following July. Since the district court dismissed her claim for want of jurisdiction instead of revoking its earlier order allowing her to intervene on the grounds that she had failed to meet the requirements of Rule 24, the fact that a Rule 54(b) certification is not needed to obtain review of a denial of intervention is irrelevant.

Today's ruling is not inconsistent with our holding in *Hines v. D'Artois,* 531 F.2d 726 (5th Cir. 1976). Although *Hines* also involved a would-be intervenor who was initially permitted to intervene but was later dropped from the action, the similarities between this case and *Hines* end there. In *Hines* the district court dismissed the intervenor from the suit and vacated the order which had granted him leave to intervene because, upon reflection, it concluded that he was unable to satisfy the requirements of Rule 24. *Hines v. D'Artois,* 383 F.Supp. 184, 189 (W.D.La. 1974). We reached the merits of the intervenor's contention on appeal because we found that the fact that he was entitled to intervene as of right gave us jurisdiction to reverse the district court's decision. 531 F.2d at 738. Moreover, in *Hines* the district court's order dismissing the intervenor was entered in conjunction with an order staying the litigation until the plaintiffs exhausted their administrative remedies before the EEOC. Since we treated the stay order as final for the purposes of the entire action, we noted that this in itself could have given us jurisdiction

---

**14.** Nor can Bobo obtain appellate review under the All Writs Statute, 28 U.S.C.A. § 1651(a) (1966). Although we possess the discretionary power to treat her attempted appeal as a petition for mandamus, *see Hines v. D'Artois,* 531 F.2d 726, 732 (5th Cir. 1976); *United States v. Briggs,* 514 F.2d 794, 808 (5th Cir. 1974), we decline to do so. Mandamus is "an extraordinary remedy reserved for extraordinary situations." *Hines v. D'Artois,* 531 F.2d at 732; *United States v. United States District Court,* 506 F.2d 383, 384 (5th Cir. 1974). "[T]he extraordinary writs cannot be used as substitutes for appeals." *Bankers Life & Casualty Co. v. Holland,* 346 U.S. 379, 383, 74 S.Ct. 145, 148, 98

L.Ed. 106, 112 (1953). A writ of mandamus will *not be issued unless* "appeal is a clearly inadequate remedy." *Ex parte Fahey,* 332 U.S. 258, at 260, 67 S.Ct. 1558, at 1559, 91 L.Ed. 2041, at 2043. Here Bobo can obtain appellate review of the order dismissing her complaint when the entire case is concluded, and may be able to secure it immediately should she be able to persuade the district court to execute a Rule 54(b) certification. Under these circumstances, issuance of a writ of mandamus would be inappropriate. *Askew v. United States District Court,* 527 F.2d 469 (9th Cir. 1975); *Norte & Co. v. Defiance Indus., Inc.,* 319 F.2d 336, 338 (2d Cir. 1963).

to review the order dismissing the intervenor. 531 F.2d at 738 n. 17. In this case, by contrast, there is neither an order denying intervention nor a final decision that gives us jurisdiction over the whole case. For these reasons *Hines* does not affect the result here.

### III. Disposition

On remand, should Bobo request it, the district court must determine whether this is the "infrequent harsh case" in which Rule 54(b) was intended to afford a remedy. *See* Report of Proposed Amendments to Rules of Civil Procedure for the District Courts of the United States, 5 F.R.D. 433, 473 (1946); *Arlinghaus v. Ritenour*, 543 F.2d 461, 463–64 (2d Cir. 1976); *Allis-Chalmers Corp. v. Philadelphia Electric Co.*, 521 F.2d 360, 363 (3d Cir. 1975); *Columbia Broadcasting Systems, Inc. v. Amana Refrigeration, Inc.*, 271 F.2d 257, 259 (7th Cir. 1959), *cert. denied*, 362 U.S. 928, 80 S.Ct. 756, 4 L.Ed.2d 747 (1960). If the district court expressly directs entry of a judgment and expressly determines that there is no just reason for delay, Bobo may submit her new appeal on the basis of record and briefs prepared for this appeal as supplemented by the judgment and the district court's Rule 54(b) certificate. *Melancon v. Insurance Company of North America*, 476 F.2d 594 (5th Cir. 1973). In the event that the district court decides to certify its order for appeal, it should include a brief statement explaining why there is no just reason for delay. *Gumer v. Shearson, Hammill & Co., Inc.*, 516 F.2d 283, 286 (2d Cir. 1974); *Allis-Chalmers Corp. v. Philadelphia Electric Co.*, 521 F.2d at 364. Of course, we intimate no view as to how the district court in this case should exercise its discretionary power to release partial dispositions of multi-party actions for immediate appellate review.

DISMISSED.