United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 2, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

———————————

No. 04-70041

———————————

ROY LEE PIPPIN

                    Petitioner - Appellant

   v.

DOUGLAS DRETKE, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION

                    Respondent - Appellee

———————————————————————————————————————

Appeal from the United States District Court for the
          Southern District of Texas, Houston
                  No. H-02-CV-2319

———————————————————————————————————————

Before KING, Chief Judge, and HIGGINBOTHAM and PRADO, Circuit
Judges.

PER CURIAM:[*]

    Roy Lee Pippin, a Texas state inmate, appeals the district

court's order granting summary judgment in favor of Dretke on

twenty-four of the twenty-six claims for relief raised in

Pippin's habeas corpus petition.  Because the district court's

order was not a final order, we lack jurisdiction to hear

Pippin's appeal at this stage of the case.

————————————————————

    [*]    Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

1

On June 20, 2002, Pippin filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  In his petition, Pippin raised twenty-six claims for relief.  On September 30, 2004, the district court granted Dretke's motion for summary judgment on all but two of Pippin's claims for relief.  The remaining two claims were left open so that additional discovery could be pursued.  On October 6, 2004, Pippin filed a notice of appeal of the district court's order.  Subsequently, he asked the district court to certify its order as to the twenty-four claims it had ruled on so that he could appeal it.  On November 17, 2004, the district court denied Pippin's motion for certification of judgment pursuant to FED. R. CIV. P. 54(b).  In its order denying the motion for certification, the district court stated that this case should be resolved in its entirety within a reasonably short period of time and that Pippin's rights will not be prejudiced by any brief delay.

Pursuant to 28 U.S.C. § 1291, we have jurisdiction over appeals from final orders of the district court.  In accordance with FED. R. CIV. P. 54(b), in an action involving multiple claims for relief, "an order that finally disposes of one or more but fewer than all of the claims for relief asserted . . . does not terminate the action in the district court and is subject to revision at any time prior to entry of a final decision . . . ." Huckeby v. Frozen Food Express, 555 F.2d 542, 545 (5th Cir. 1977); see also Hardin v. M/V Ben Candies, 549 F.2d 395, 396 (5th

2

Cir. 1977) (per curiam).  Thus, an order that disposes of some, but not all, of a petitioner's claims for relief is not a final decision under 28 U.S.C. § 1291, but is instead an unappealable interlocutory order.  <u>Huckeby</u>, 555 F.2d at 545-56.  In the present case, the district court's order granting summary judgment on most, but not all, of Pippin's claims for relief is precisely this type of an order.  While several limited exceptions to the rule set forth in FED. R. CIV. P. 54(b) exist, the present case does not fall within any of those exceptions.  Accordingly, since the district court denied Pippin's motion for certification under Rule 54(b), no final order exists in the present case, and this court lacks jurisdiction to hear Pippin's appeal.

For the foregoing reasons, we DISMISS the appeal.