# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 12, 2010

Charles R. Fulbruge III
Clerk

No. 09-10556
Summary Calendar

JEFFREY KRETCHMER

Plaintiff - Appellant

v.

EVEDEN INC

Defendant - Appellee

Appeal from the United States District Court
for the Northern District of Texas
No. 07-CV-1068-D

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Jeffrey Kretchmer appeals the district court's grant of summary judgment in favor of Eveden, Inc. ("Eveden") dismissing his claims of religious and sex discrimination under Title VII of the Civil Rights Act of 1964, age discrimination under the Age Discrimination in Employment Act ("ADEA"), and violation of the Fair Credit Reporting Act ("FCRA").  Kretchmer also appeals the district court's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

denial of his Rule 59(e) motion.  For the foregoing reasons, we AFFIRM on all grounds.

Kretchmer, a practicing Conservative Jew, was first hired as an account executive for Revelation Bra Company, a women's lingerie and swimwear company, and continued his employment with Eveden after it acquired Revelation.  Kretchmer's duties as account executive included representing and selling Eveden products in his assigned sales territory.  After approximately eight years working as an account executive, four of which were for Eveden, Eveden informed Kretchmer that he was being terminated.  Kretchmer was 57 years old at the time of his termination.  Leslie Kimball, Kretchmer's supervisor, and Jim West, Eveden's director of marketing and support, told Kretchmer he was being let go because Eveden had restructured its sales territory, and the two major accounts in Kretchmer's new territory, J.C. Penney and Neiman Marcus, had made comments to Eveden management in the past that they did not want to work with Kretchmer.  Kimball and West also told Kretchmer that he had failed to travel sufficiently within his previously assigned territory.

Kretchmer filed a discrimination complaint with the Equal Employment Opportunity Commission ("EEOC"), which issued a right-to-sue letter. Kretchmer subsequently filed suit in the district court, alleging that Eveden had terminated him based on his age, religion, and sex, and that Eveden had violated the FCRA by failing to report to Kretchmer the statements that J.C. Penney and Neiman Marcus allegedly made about him and on which Eveden relied in deciding to terminate him.  Eveden moved for summary judgment on all grounds, and the district court granted Eveden's motion.  Kretchmer filed a FED. R. CIV. P. 59(e) motion for rehearing, which the district court denied.  Kretchmer now appeals both of the district court's decisions.

We review a district court's grant of summary judgment *de novo*. *Mackinchick v. P.B. Power*, 398 F.3d 345, 349 (5th Cir. 2005).  In reviewing a motion for summary judgment, we must determine whether the evidence

presented shows no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Berquist v. Wash. Mut. Bank*, 500 F.3d 344, 348–49 (5th Cir. 2007).

Title VII makes it unlawful for an employee to "discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a). Similarly, the ADEA makes it unlawful for an employer to discharge or discriminate against an individual on the basis of age. 29 U.S.C. § 623(a)(1). However, prior to bringing any employment discrimination claims in federal court, Kretchmer must have exhausted his claims administratively before the EEOC. *See Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378–79 (5th Cir. 2002).

In his official charge form to the EEOC, Kretchmer only checked off the boxes for "age" and "religion" as bases of discrimination; he made no mention of sex discrimination. While mere failure to check a box does not necessarily indicate a failure to exhaust, *see Pacheco v. Mineta*, 448 F.3d 783, 792 (5th Cir. 2006), a plaintiff can only pursue a lawsuit that can "reasonably be expected to grow out of the charge of discrimination," *Young v. City of Houston*, 906 F.2d 177, 179 (5th Cir. 1990). The factual allegations in Kretchmer's EEOC's charge are directed towards claims of religious and age discrimination, not sex discrimination. Merely stating that he "was ultimately replaced by a woman in her 30's" is insufficient to place Eveden on notice that Kretchmer would be pursuing a sex discrimination claim, particularly when it would seem the statement was made in support of Kretchmer's age discrimination claim by indicating the age of the woman in question. Accordingly, Kretchmer has not exhausted his sex discrimination claim, and the district court did not err in dismissing it.

No. 09-10556

As Kretchmer did not offer any direct evidence of religious or age discrimination, we evaluate his claims under the *McDonnell Douglas* burden-shifting framework. *Wheeler v. BL Dev. Corp.*, 415 F.3d 399, 405 (5th Cir. 2005). Eveden does not dispute on appeal that Kretchmer established a prima facie case for both charges of discrimination; namely, that he was a member of a protected group, was qualified for the position held, was discharged from the position, and was replaced by a person outside the protected group. *Id.*

The burden then shifts to Eveden to articulate a legitimate, nondiscriminatory reason for terminating Kretchmer's employment. *Bauer v. Albermarle Corp.*, 169 F.3d 962, 966 (5th Cir. 1999). This burden is one only of production, not persuasion, involving no credibility assessments. *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 957 (5th Cir. 1993). Eveden presents four reasons for terminating Kretchmer: (1) he failed to adequately travel throughout his territory to visit customers and prospective customers; (2) he lacked the requisite aggressiveness in his job performance; (3) he failed to satisfactorily analyze the business of his major account; and (4) Eveden was realigning the sales territory and recognized that Kretchmer would not be an effective sales manager for two major accounts. These reasons for terminating Kretchmer are legitimate and nondiscriminatory, in that none of them focuses on either Kretchmer's religion or age as a basis for his dismissal.

Once Eveden has met its burden of production, the burden shifts back to Kretchmer to show that Eveden's reasons are not true, but are merely pretext for discrimination.[1] *Wallace v. Methodist Hosp. Sys.*, 271 F.3d 212, 219–20 (5th Cir. 2001). Kretchmer "must put forward evidence rebutting each of the

---

[1] Kretchmer states in his brief that he is proceeding under the pretext form of analysis rather than the "mixed motives" form of analysis, which would require Kretchmer to concede that, while Eveden's reasons may be true, they are only *some* of the reasons for its conduct. *See Desert Palace, Inc. v. Costa*, 539 U.S. 90, 94–95 (2003).

4

nondiscriminatory reasons" that Eveden articulates. *Id.* Kretchmer has not met this burden. On appeal, Kretchmer argues primarily that Eveden's alleged realignment of its sales territory never actually happened. However, Kretchmer points only to the fact that Eveden produced no documents referencing the realignment plan or indicating that a Dallas Eveden sales representative received any J.C. Penney orders. This evidence is insufficient to show that the territory realignment did not occur, particularly in light of Kimball's testimony that Eveden had been talking about reorganizing its sales territory since her arrival at the company, nearly a year prior to Kretchmer's termination, and that Kretchmer's termination coincided with the implementation of the territory realignment.

Kretchmer also contends that any negative statements about him from the two major accounts in Kretchmer's newly assigned sales territory, J.C. Penney and Neiman Marcus, were made by companies with no personal knowledge of him. However, the burden that Eveden bears is merely one of production, not persuasion. Kretchmer bears the burden of rebutting Eveden's proffered legitimate, nondiscriminatory reasons for his termination, and Kretchmer has not shown that any comments about his ineffectiveness as an Eveden sales manager for major accounts were mere pretext.

Kretchmer points to *Decorte v. Jordan*, 497 F.3d 433 (5th Cir. 2007) as support for his argument that when a defendant has fired all of the protected class, the jury may infer that any of the defendant's reasons are mere pretexts. However, in *Decorte*, the plaintiff presented additional evidence to prove pretext, such as inconsistent testimony of the employer's representatives regarding the reasons for the employment decisions. *Id.* at 439. The instant situation is not analogous, as Kretchmer has presented no additional evidence that rebuts Eveden's nondiscriminatory reasons for firing him.

No. 09-10556

Kretchmer has failed to rebut one of the legitimate, nondiscriminatory reasons proffered by Eveden, namely, that Eveden was realigning the sales territory and recognized that Kretchmer would not be an effective sales manager for two major accounts. We need not address his arguments to rebut the other reasons Eveden presented. *See Wallace*, 271 F.3d at 220 ("The plaintiff must put forward evidence rebutting each of the nondiscriminatory reasons the employer articulates."). Thus, the district court did not err in dismissing Kretchmer's claims of age and religious discrimination against Eveden.

Kretchmer also appeals the district court's dismissal of his FCRA claim. Kretchmer argues that Eveden violated the FCRA by failing to provide him with a written report of the comments made by J.C. Penney and Neiman Marcus concerning Kretchmer that allegedly contributed to Eveden's decision to fire him. The FCRA was enacted to combat abuses in the credit reporting industry by protecting individuals from inaccurate or arbitrary information in a consumer report. *St. Paul Guardian Ins. Co. v. Johnson*, 884 F.2d 881, 883 (5th Cir. 1989). A consumer reporting agency is defined by the statute as "any person which . . . regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties . . . ." 15 U.S.C. § 1681a(f). Retail stores, like J.C. Penney and Neiman Marcus, that "merely furnish information to consumer reporting agencies based on their experience with consumers are not consumer reporting agencies within the meaning of the FCRA." *DiGianni v. Stern's*, 26 F.3d 346, 348 (2nd Cir. 1994). Thus, the district court correctly found that Kretchmer's FCRA claim fails as a matter of law.

Finally, Kretchmer contends that the district court erred in denying his FED. R. CIV. P. 59(e) motion for rehearing. Kretchmer lists this argument as one of the "issues presented for review" but does not make any argument specifically tailored to this claim. Consequently, Kretchmer has waived his arguments on

No. 09-10556

appeal regarding the dismissal of his Rule 59(e) motion. *See Goodman v. Harris County*, 571 F.3d 388, 399 (5th Cir. 2009) (issues inadequately briefed on appeal are waived).

AFFIRMED.