# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 23, 2025

Lyle W. Cayce
Clerk

No. 24-60503
Summary Calendar
_____

Samantha Conner,

*Plaintiff—Appellant*,

*versus*

Noxubee County Board of Supervisors,

*Defendant—Appellee*.

_____

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:22-CV-188

_____

Before Davis, Stewart, and Southwick, *Circuit Judges*.

Per Curiam:[*]

Plaintiff-Appellant Samantha Conner, appearing pro se, brought claims under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, *et seq.*, against her former employer. After a bench trial, the district court

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-60503

issued a Memorandum Opinion and Final Judgment dismissing Conner's claims with prejudice.[1] We AFFIRM.

Conner, who is disabled, worked as an assistant comptroller for Defendant-Appellee Noxubee County Board of Supervisors during the height of the COVID-19 pandemic. She shared an office with a coworker and, every morning, disinfected her workspace with Lysol. In May 2021, Conner's officemate complained to the Board that Conner's Lysol spraying was negatively affecting her health. The Board summoned Conner and instructed her to stop. Conner said "okay" and departed the meeting. According to the district court, Conner then berated two coworkers and profanely cursed the Board, which led to her termination for cause.

Conner sued the Board under the ADA, asserting workplace discrimination and harassment. After a two-day bench trial where nine witnesses appeared, the district judge issued a Memorandum Opinion detailing 75 findings of fact and auxiliary legal conclusions.[2] As to the ultimate issue, the court concluded Conner was terminated due to insubordination, a reason unrelated to her disability.

Conner's appeal nibbles around the court's findings of fact and argues that an audio recording was improperly excluded from evidence, both of which we address below. But first, we turn to Conner's argument that the

---

[1] *Conner v. Noxubee Cnty. Bd. of Supervisors*, No. 1:22-CV-188, 2024 WL 1661129, at *7 (N.D. Miss. Apr. 17, 2024) (identifying as sole "adverse employment action" at issue Conner's termination), *reconsideration denied*, 2024 WL 4479905 (N.D. Miss. Sept. 20, 2024).

[2] FED. R. CIV. P. 52(a)(1) ("In an action tried on the facts without a jury . . . , the court must find the facts specially and state its conclusions of law separately."). Conner does not dispute the district court's legal conclusions.

district court didn't decide all the claims she presented, because the omission potentially implicates our jurisdiction.[3]

Requisite to our appellate jurisdiction in this case is a "final decision[]"[4] by the district court—ordinarily, one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment."[5] For cases with more than one claim for relief, this means the district court must resolve all live claims unless it "expressly determines that there is no just reason for delay and expressly directs the entry of judgment."[6] There are exceptions to this "all-claims" requirement. For example, we've held "a decision that does not specifically refer to all pending claims will be deemed final if it is clear that the district court *intended*, by the decision, to dispose of all claims."[7]

The Final Judgment neatly falls within this exception because it is clear the district judge intended for the judgment to be final. She entitled it "Final Judgment" and ordered the case closed. Months later, the judge

---

[3] *See Newpark Shipbuilding & Repair, Inc. v. Roundtree*, 723 F.2d 399, 400 (5th Cir. 1984) (en banc). Neither side offered a jurisdictional statement in support of this appeal, but "[t]his Court must examine the basis of its jurisdiction, on its own motion, if necessary." *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987) (per curiam).

[4] 28 U.S.C. § 1291 (establishing appellate jurisdiction over "final decisions of the district courts").

[5] *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 373 (1981) (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467 (1978)).

[6] *Hardin v. M/V Ben Candies*, 549 F.2d 395, 396 (5th Cir. 1977) (per curiam); FED. R. CIV. P. 54(b) ("When an action presents more than one claim for relief . . . , the court may direct entry of a final judgment as to one or more, but fewer than all, claims . . . only if the court expressly determines that there is no just reason for delay. Otherwise, any order . . . , however designated, that adjudicates fewer than all the claims . . . does not end the action as to any of the claims . . . and may be revised at any time before the entry of a judgment adjudicating all the claims[.]").

[7] *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 351 (5th Cir. 2004).

characterized it as "final" when denying Conner's post-trial motion. And the Final Judgment dismissed not one, but all of Conner's "claims" with prejudice. In that posture, "[t]he parties had no choice but to accept this as a final judgment. We accept it also."[8]

Having found jurisdiction over this appeal, we turn to its substance. Conner dedicates nearly all of her appellate issues and argument to factual minutiae, which misconstrues our role on review. This court does not reexamine a district court's factfinding for perfect alignment with all the evidence in the record. Rather, it is the district judge's purview to interpret and reconcile conflicts in the evidence, especially so where, as here, witness credibility is concerned.[9] We review the resulting findings of fact for clear error and will affirm so long as they are "plausible in light of the record as a whole."[10] This court cannot "reverse the findings of the trial judge simply because we are convinced that we would or could decide the case differently."[11]

By design, clear error is not easily overcome, and Conner's appeal doesn't surmount it. Conner challenges many of the district court's findings of fact, preferencing her version of events over what the district court found.

---

[8] *Armstrong v. Trico Marine, Inc.*, 923 F.2d 55, 58 (5th Cir. 1991).

[9] Fed. R. Civ. P. 52(a)(6) ("Findings of fact . . . must not be set aside unless clearly erroneous, and the reviewing court must give due regard to the trial court's opportunity to judge the witnesses' credibility.").

[10] *United States v. Ekanem*, 555 F.3d 172, 175 (5th Cir. 2009) (quoting *United States v. Caldwell*, 448 F.3d 287, 290 (5th Cir. 2003)); *see also Coe v. Chesapeake Expl., L.L.C.*, 695 F.3d 311, 316 (5th Cir. 2012) (stating standard of review).

[11] *Guzman v. Hacienda Records & Recording Studio, Inc.*, 808 F.3d 1031, 1036 (5th Cir. 2015); *Streber v. Comm'r of Internal Revenue*, 138 F.3d 216, 219 (5th Cir. 1998) (stating "[c]lear error exists when this court is left with the definite and firm conviction that a mistake has been made").

No. 24-60503

But factfinding contrary to Conner's liking is not clear error, and she offers no other clear-error argument or authorities warranting reversal.[12] Having reviewed the court's findings in light of the record as a whole, we conclude each is plausible and none clearly erroneous.

We also find that Conner forfeited the claims she contends the district court didn't decide. While Conner includes their omission as one of 17 issues on appeal, that's all her brief says. It contains no argument about, and no authorities in support of, the claims—nothing about their substance, their elements and corresponding proof at trial, or why the district court's dismissal was improper.[13] The record otherwise contains scant information about them.[14] While we liberally construe pro se pleadings and briefs, "*pro se* parties must still brief the issues and reasonably comply with the standards of Rule 28."[15] Conner did not do so and, thus, forfeited the claims on appeal.

Conner also complains that the district court excluded from evidence an audio recording of the Board's February 2021 executive session. We

---

[12] *See Rhodes v. Guiberson Oil Tools*, 75 F.3d 989, 994 (5th Cir. 1996) (en banc), *abrogated on other grounds by Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133 (2000).

[13] *United States v. Quintanilla*, 114 F.4th 453, 464 (5th Cir. 2024) ("When a party 'lists [an] argument as one of the "issues presented for review" but does not make any argument specifically tailored to [the] claim,' the argument is forfeited." (alterations in original) (quoting *Kretchmer v. Eveden, Inc.* 374 F. App'x 493, 497 (5th Cir. 2010) (per curiam))); *L & A Contracting Co. v. S. Concrete Servs.*, 17 F.3d 106, 113 (5th Cir. 1994) (holding that failure to cite caselaw constitutes abandonment); *Cinel v. Connick*, 15 F.3d 1338, 1345 (5th Cir. 1994) ("A party who inadequately briefs an issue is considered to have abandoned the claim.").

[14] Conner's Amended Complaint consists of a check-the-box template identifying the claims she intended to bring, without identifying the grounds upon which each claim rests. The Final Pretrial Order isn't illuminating, either.

[15] *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995); *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993) ("[A]rguments must be briefed to be preserved." (quoting *Price v. Digit. Equip. Corp.*, 846 F.2d 10265, 1028 (5th Cir. 1988))); Fed. R. App. P. 28.

review evidentiary rulings under a deferential abuse-of-discretion standard, subject to the harmless-error doctrine.[16] An error is harmless if it does not affect the substantial rights of the aggrieved party.[17]

The recording is, for the most part, inaudible. Its audible portions are largely immaterial or cumulative of trial testimony recapitulating the recording's contents. That testimony, which the district judge allowed, undermines any proposition that the recording's exclusion affected Conner's substantial rights.[18] To the extent additional content was not conveyed through trial testimony, Conner hasn't shown that any would have changed the outcome at trial. Finding no reversible error, we AFFIRM.

---

[16] *Adams v. Mem'l Hermann*, 973 F.3d 343, 349 (5th Cir. 2020).

[17] *Id*. at 350 ("An error is 'harmless' if it does not 'affect[] the substantial rights of the complaining party.'" (alteration in original) (quoting *Nunez v. Allstate Ins. Co.*, 604 F.3d 840, 844 (5th Cir. 2010))).

[18] *Cf. Connolly v. Farmer*, 484 F.2d 456, 457 (5th Cir. 1973) (finding no reversible error where testimony replicated contents of recording excluded from evidence). The audible portions of the recording don't support Conner's theory that the Board devised a plan to terminate her during its executive session.