IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 92-9068

_____


CHARLES ANTHONY MITCHELL,

                                        Plaintiff-Appellant,

                    versus

SHERIFF DEPARTMENT,
LUBBOCK COUNTY, TEXAS,

                                        Defendant-Appellee.

                  _____

                      No. 92-9069

                  _____


CHARLES ANTHONY MITCHELL,

                                        Plaintiff-Appellant,

                    versus

SHERIFF DEPARTMENT,
LUBBOCK COUNTY, TEXAS, and
SGT. KORN,

                                        Defendants-Appellees.
_____

        Appeals from the United States District Court for the
                    Northern District of Texas

_____
                      (June 28, 1993)

Before JOLLY, DUHÉ, and BARKSDALE, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

     Charles Anthony Mitchell seeks leave to appeal in forma

pauperis ("IFP") the district court's dismissal of his complaints

under 42 U.S.C. § 1983 as frivolous under 28 U.S.C. § 1915(d). In both actions, Mitchell contends that prison officials violated his constitutional right to due process by placing him in lockdown without a hearing. We hereby consolidate Mitchell's appeals because they raise identical issues. For the reasons stated below, we grant Mitchell's motions to appeal IFP, vacate the judgments of the district court, and remand Mitchell's cases for further proceedings consistent with this opinion.

I

Mitchell is a prisoner in the Lubbock County, Texas jail. He alleges that on September 20, 1992, two guards ordered him to close his cell door. Mitchell admits that he refused to obey the guards' orders; to be sure, he told the guards that it was their job to close the door. The guards charged Mitchell with disobeying orders and with engaging in disruptive conduct. The guards then placed Mitchell in lockdown. Two days later, prison officials notified Mitchell that they were charging him with violating jail rules and that the grievance committee would hold a hearing on the charges on September 27. The hearing was delayed and Mitchell remained in lockdown until October 8, 1992. The grievance committee held its hearing on October 18, and found that Mitchell had refused to obey direct orders and had engaged in disruptive conduct. Consequently, the grievance committee punished Mitchell with fourteen days of full restriction. Mitchell also alleges that prison officials kept him on full restriction for three extra days.

Mitchell has filed two complaints under 42 U.S.C. § 1983 alleging that the Lubbock County jail officials violated his civil rights by placing him in lockdown without proper notice and a hearing. Because he could not pay the court fees, Mitchell moved the court to grant him IFP status in both cases. The district court provisionally granted Mitchell leave to proceed IFP in both cases, but it withheld service of process pending its review of his complaints pursuant to 28 U.S.C. § 1915(d). Later the court determined--on the basis of the pleadings alone--that Mitchell's complaints were frivolous. Consequently, the district court vacated Mitchell's provisional IFP status, denied his motions to proceed IFP, and dismissed his complaints without prejudice.[1]

Mitchell filed timely notices of appeal with motions to proceed IFP on appeal. Because the district court did not rule on his motions to appeal IFP, Mitchell now seeks leave to appeal IFP.

---

[1]As we have observed, the district court granted "provisional" IFP, only to revoke IFP status upon finding the plaintiff's claims frivolous. We take this opportunity to suggest the preferred procedure. Initially, if the plaintiff's financial status warrants it, IFP is granted and the case docketed. Watson v. Ault, 525 F.2d 886, 891 (5th Cir. 1976). This determination is based solely on the plaintiff's economic status. Cay v. Estelle, 789 F.2d 318, 322 (5th Cir. 1986). If the district court later finds that the complaint is frivolous, the district court may dismiss the complaint under 28 U.S.C. § 1915(d). With respect to dismissals, although the Federal Rules of Civil Procedure do not require it, a statement of its reasons is highly beneficial for purposes of appellate review and can often prevent a remand. See Moore v. Mabus, 976 F.2d 268, 270 (5th Cir. 1992); Jot-Em-Down Stores (JEDS) Inc. v. Cotter & Co., 651 F.2d 245, 247 (5th Cir. 1981).

Mitchell has submitted an affidavit alleging that he does not have the funds to prosecute this appeal. Once the appellant's financial condition is established, our inquiry is limited to whether the appeal raises any non-frivolous issues. Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983). Because Mitchell's appeal is not frivolous, we grant his motion to proceed IFP.

III

Our remand is prompted because, first, it is unclear from Mitchell's pleadings whether the lockdown was for punitive reasons and whether the lockdown entailed solitary confinement. We recently held that the "use of punitive isolation without affording due process is unacceptable and violates the 14th Amendment." Pembroke v. Wood County, Texas, 981 F.2d 225, 229 (5th Cir. 1993). In Pembroke, Wood County jail officials placed Pembroke in isolation for five days for the purpose of punishing him without affording him any due process protections. Here, Mitchell alleges that he was placed in lockdown from September 20 until October 8. Under Pembroke, if Mitchell was placed or maintained in isolation for punitive reasons, then the prison officials may well have violated his right to due process by failing to give an appropriate notice and hearing.

We do not hold, however, that the Due Process Clause grants Mitchell a liberty right to be confined within the general prison population that the prison officials can take away only if they follow procedures that satisfy the Due Process Clause. On the

-4-

contrary, the Supreme Court has repeatedly found that prison officials have broad administrative and discretionary authority over the institutions they manage and that lawfully incarcerated persons retain only a narrow range of protected liberty interests. Prison officials need broad administrative authority because running a prison is an "extraordinarily difficult undertaking." Wolff v. McDonnell, 418 U.S. 539, 566, 94 S.Ct. 2963, 2979 (1974). Thus, the Supreme Court has concluded that "to hold . . . that any substantial deprivation imposed by prison authorities triggers the procedural protections of the Due Process Clause would subject to judicial review a wide spectrum of discretionary actions that traditionally have been the business of prison administrators rather than the federal courts." Meachum v. Fana, 427 U.S. 215, 225, 96 S.Ct. 2532, 2538 (1976).

The Supreme Court has "consistently refused to recognize more than the most basic liberty interests in prisoners." Hewitt v. Helms, 459 U.S. 460, 466, 103 S.Ct. 864, 869 (1983). It is beyond question that "[l]awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights." Price v. Johnson, 334 U.S. 266, 285, 68 S.Ct. 1049, 1060 (1948). Thus, the Supreme Court has long recognized that prison officials have the authority to transfer an inmate to more restrictive quarters for non-punitive reasons. Hewitt, 103 S.Ct. at 869 ("administrative segregation is the sort of confinement that inmates should reasonably anticipate receiving at some point in their

incarceration").  The case before us differs from Hewitt only in that Mitchell raises the non-frivolous contention--and from the record before us, we cannot tell whether there is a basis for the contention--that the prison officials placed Mitchell in isolation for punitive reasons and not that he was segregated for administrative reasons.

Finally, we should note that in addition to the Due Process Clause itself, liberty interests that are recognizable under the Fourteenth Amendment may also arise from the laws of the states. Hewitt, 103 S.Ct. at 869.  State laws and regulations can create recognizable liberty interests by placing substantive limitations on the discretion of a prison official.  Olim v. Wakinekona, 461 U.S. 238, 249, 103 S.Ct. 1741, 1747 (1983).

We thus remand this case also because Mitchell contends-- aside from alleged rights emanating solely from the Due Process Clause--that regulations of the Lubbock jail created protected liberty interests.  To create a recognizable liberty interest, however, a state must do more than just create strict procedures that decision-makers must follow; the state must also provide "particularized standards or criteria" to guide the decision-maker. Id.

On remand, further proceedings will serve to bring Mitchell's factual and legal contentions into focus, including whether the Lubbock jail regulations create any liberty interests relative to Mitchell's claim.  Should Mitchell wish to assert the double

jeopardy contention he raises for the first time in his appellate pleadings, he should amend his complaint to raise that contention in the district court.

IV

For all of the foregoing reasons, the decision of the district court is

V A C A T E D and R E M A N D E D.