IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-10124
Conference Calendar
_____

DONALD LEE SPENCE,

                                        Plaintiff-Appellant,

versus

CHUCK MORRIS ET AL.,

                                        Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:93-CV-132-X
- - - - - - - - - -
June 28, 1995

Before JONES, WIENER, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

     In his prolix, disorganized, and difficult-to-decipher
appellate brief, Appellant Donald Lee Spence has listed 11 issues
for review (several are repeated), including:  (1) a
discrimination claim based on an allegation that the Defendants
refused to sign his § 1983 complaint, (2) an allegation that the
Defendants adumbrated the evidence of the case, (3) a claim that
the district court purposefully caused Spence to miss a filing
deadline, (4) an allegation that the policy of treating white

_____

     [*]     Local Rule 47.5 provides:  "The publication of opinions
that have no precedential value and merely decide particular
cases on the basis of well-settled principles of law imposes
needless expense on the public and burdens on the legal
profession."  Pursuant to that Rule, the court has determined
that this opinion should not be published.

pretrial detainees differently from convicted prisoners resulted in malicious discrimination against Spence, and (5) a claim that the Defendants violated a contract with another county to provide care for inmates.  As these issues were neither raised nor reviewed below, they need not be addressed.

The relevant issues Spence has addressed on appeal, which were presented below, can be placed in three categories:  (1) a claim that his transfer from cell five was cruel and unusual punishment, (2) a deliberate-indifference claim arising from his assignment in cell eight, and (3) a claim that pretrial detainees receive preferential treatment.  Spence challenges the district court's dismissal of his suit pursuant to FED. R. CIV. P. 12(b)(6) for failure to state a claim.

"In reviewing a Rule 12(b)(6) dismissal, this court accepts all well pleaded averments as true and views them in the light most favorable to the plaintiff."  Cooper v. Sheriff, Lubbock County, Tex., 929 F.2d 1078, 1082 (5th Cir. 1991) (citation, internal quotation, and alteration omitted).  Such a dismissal will not be upheld "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Id. (citation and internal quotations omitted).

The transfer of Spence out of cell number five did not occasion any constitutional violation.  "[P]rison officials have the authority to transfer an inmate to more restrictive quarters for non-punitive reasons."  Mitchell v. Sheriff Dep't, Lubbock County, 995 F.2d 60, 63 (5th Cir. 1993).  Spence has not stated

any facts that would indicate that the Defendants had a punitive motive for transferring him or that the place to which he was transferred was more restrictive.

Spence's statement that he was made to sleep on the floor also fails to state a claim. To state a claim of deliberate indifference, Spence needed to allege that he was deprived of a basic human need--the minimal civilized measure of life's necessities. See Harris v. Angelina County, Texas, 31 F.3d 331, 334 (5th Cir. 1994). Spence has not alleged such a deprivation. At most, he complained that he was not comfortable when moved outside of his preferred cell for a time. The constitution does not require comfortable prisons. Farmer v. Brennan, 114 S. Ct. 1970, 1976, (1994).

Spence's allegation regarding the preferential treatment accorded to pretrial detainees does not raise a constitutional issue. Pretrial detainees are afforded a different level of treatment from that due convicted prisoners. "[T]he due process clause of the fourteenth amendment accords pretrial detainees rights not enjoyed by convicted inmates under the eighth amendment prohibition against cruel and unusual punishment." Cupit v. Jones, 835 F.2d 82, 84 (5th Cir. 1987).

The district court did not err in dismissing Spence's suit. The decision is AFFIRMED.

Spence has moved this court to allow him to supplement the record on appeal with information regarding a contract for care of prisoners between Baylor and Wichita Counties. This information was not presented to the district court. As we "will

not ordinarily enlarge the record on appeal to include material not before the district court," Spence's motion is DENIED. United States v. Flores, 887 F.2d 543, 546 (5th Cir. 1989) (citation omitted).