**Barry JONES**

v.

**STATE of Texas.**

No. 9:95–CV–75.

United States District Court,
E.D. Texas,
Lufkin Division.

July 26, 1995.

---

Barry Jones, pro se.

## MEMORANDUM ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

HEARTFIELD, District Judge.

The court heretofore ordered that this matter be referred to the Honorable Earl S. Hines, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The court has received and considered the Report of the United States Magistrate Judge pursuant to such order, along with the record, pleadings and all available evidence. No objections to the Report of the United States Magistrate Judge were filed by the parties.

Accordingly, the findings of fact and conclusions of law of the magistrate judge are correct and the Report of the Magistrate Judge is **ADOPTED**. It is

**ORDERED** that plaintiff's motion to proceed *in forma pauperis* is **GRANTED**. A Final Judgment will be entered separately.

### FINAL JUDGMENT

This action came on before the Court, Honorable Thad Heartfield, District Judge, presiding, and the issues having been duly considered and a decision having been duly rendered, it is

**ORDERED** and **ADJUDGED** that plaintiff take nothing and this case is **DISMISSED** as frivolous under 28 U.S.C. § 1915(d). All motions by either party not previously ruled on are hereby **DENIED**.

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

HINES, United States Magistrate Judge.

Pending is plaintiff's motion to proceed *in forma pauperis* with suit under Title 42 U.S.C. § 1983 against the State of Texas.

The action was referred to the undersigned magistrate judge pursuant to Title 28 U.S.C. § 636 and written order of Hon. John Hannah, Jr., United States district judge.

■ This report addresses the dual issues of (a) eligibility to proceed *in forma pauperis*, and (b) frivolousness.[1]

---

1. The referral order directs the magistrate judge to "determine whether, congruent with 28 U.S.C. § 1915(d), plaintiff's financial status is such as to authorize commencement and prosecution of this proceeding without prepayment of fees and costs or security therefor."
   *In forma pauperis* status is determined under 28 U.S.C. § 1915(a), based purely on financial factors. *See Mitchell v. Sheriff Department*, 995 F.2d 60 (5th Cir.1993). Section 1915(d), however, contemplates pre-service review of the merits. The distinction is explained as follows:
   The determination whether to grant IFP is based solely on the plaintiff's economic status.... If the plaintiff's financial status war-

rants it, IFP is granted and the case is docketed.... The district court then evaluates the merits of the claim based on the complaint.... If the claim is frivolous, it may be dismissed pursuant to 28 U.S.C. 1915(d) after filing but before service.
   *Poole v. Barratt*, No. 94–40223, 35 F.3d 561 (5th Cir. August 29, 1994) (per curiam).
   Because the referral order directs determinations of both plaintiff's "financial status" and whether "congruent with 28 U.S.C. § 1915(d)" plaintiff should be allowed to prosecute, the undersigned has reviewed the matter under both § 1915(a) and § 1915(d).

## I. Nature of the Suit

Plaintiff, acting *pro se*, sues the State of Texas. He seeks to require the state to accept an out-of-time appeal of a criminal conviction rendered against him in the 145th Judicial District Court, Nacogdoches, Texas for theft. He also seeks to enjoin the state from retaliating in any way during prosecution of the appeal. Plaintiff specifically asks that this court prohibit the state from imposing excessive bail or revoking probation during the appeal.

## II. Background

A jury convicted plaintiff on November 19, 1993. He was sentenced to ten years imprisonment, probated to 180 days pursuant to state law "shock probation" provisions. *See* TEX.CODE CRIM.PROC.ANN. art. 42.12 (Vernon Supp.1995).

Immediately after conviction, the plaintiff gave notice of appeal. His retained lawyer withdrew from the case due to non-payment of fees. The trial judge declined to appoint appellate counsel, concluding that plaintiff had not proven indigency. Thus, plaintiff was required to prosecute the appeal *pro se*.

Plaintiff testified that his bail, pending appeal, was raised from $10,000 to $25,000. Plaintiff was unable to make bail, and became incarcerated.[2] During this time, he filed two writs of habeas corpus with the state court of appeals, requesting a decrease in bond and an appointed counsel.

Plaintiff served ninety-three days in jail.[3] Plaintiff states that jail personnel informed him he would be incarcerated until his appeal was decided. Confused, depressed, and unable to obtain release via *pro se* habeas corpus, plaintiff decided to drop his appeal. When he subsequently withdrew the appeal, he was released from jail.

## III. Plaintiff's Contentions

Plaintiff asserts the federal courts have jurisdiction in this matter because he cannot redress his grievances within the state court system. Specifically, he contends he was coerced into withdrawing his appeal under the threat of additional jail time. Further, he contends that he fears his state probation will be revoked if he pursues an out-of-time appeal of his conviction.

As grounds for his direct out-of-time state appeal, plaintiff claims there was insufficient evidence to convict him of theft, prosecutorial misconduct, in that the prosecutor failed to subpoena an exculpatory witness, and ineffective assistance of counsel.

## IV. Discussion

### A. The Motion to Proceed *In Forma Pauperis*

■ Eligibility for *in forma pauperis* status is based solely on plaintiff's economic status.[4] In *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 69 S.Ct. 85, 93 L.Ed. 43 (1948), the Supreme Court held one need not be absolutely destitute to enjoy the benefit of proceeding *in forma pauperis*. An affidavit to proceed *in forma pauperis* is sufficient if it states that one cannot, because of poverty, afford to pay for the costs of litigation and still provide for him- or herself and any dependents. *Id.* at 339, 69 S.Ct. at 89.

■ An evidentiary hearing was convened on June 7, 1995. Plaintiff appeared and testified that he recently lost his job as a salesman. His wife has been unemployed for approximately three months. They live in a recreational vehicle park, and moved within days of the hearing, forcing them to incur additional expenses.

Plaintiff testified that he has no savings, receives food stamps, and is in the process of filing for unemployment insurance. His

---

2. Imposition of bail pending appeal is standard practice. Absent an appeal, plaintiff would have gone to jail anyway. "Shock probation", under Texas law, usually involves an initial period of incarceration. TEX.CODE CRIM.PROC.ANN. 42.12 § 12(b) (Vernon Supp.1995) (judge may sentence defendant to up to 24 months imprisonment upon probating rest of sentence).

3. Plaintiff's affidavit, enclosed with his complaint, stated his co-defendant did not appeal the conviction, and was released after seventy-five days.

4. *See supra* note 1.

monthly living expenses total $1300. He also owes state probation costs ($300 per month). He is several months in arrears on these costs.

These facts favor granting movant's motion to proceed *in forma pauperis*.

## B. Frivolousness

### 1. Law

■ An *in forma pauperis* proceeding may be dismissed pursuant to Title 28 U.S.C. § 1915(d) if the court determines the complaint is frivolous. In *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831–32, 104 L.Ed.2d 338 (1989), the Supreme Court held that "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or fact." The Court went on to say that a claim is legally frivolous under Section 1915(d) when it is based on "an indisputably meritless legal theory." *Id.* at 327, 109 S.Ct. at 1833.

■ The assessment of plaintiff's alleged facts must be weighed in plaintiff's favor, that is, the court must accept as true the facts alleged by plaintiff unless they rise to the level of the irrational or the wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 31–33, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). Weighing in plaintiff's favor also means indulging all reasonable inferences in plaintiff's behalf. *See Johnson v. Rodriguez*, 943 F.2d 104, 107 (1st Cir.), *cert. denied*, 502 U.S. 1063, 112 S.Ct. 948, 117 L.Ed.2d 117 (1991). Therefore, if plaintiff's alleged facts are not clearly baseless, and if proven they would support a recognized legal theory of recovery, the plaintiff must be given an opportunity to commence the action, irrespective of costs.

### 2. Application to Plaintiff

■ Although plaintiff has presented his claim thoroughly and lucidly, his case nonetheless is frivolous. Even if plaintiff proves his allegations, he cannot prevail in this suit. First, he lacks standing to invoke the jurisdiction of a federal court. Second, he sues the State of Texas, which is absolutely immune pursuant to the Eleventh Amendment.

Third, because he challenges his conviction and the duration of his custody, he must first exhaust habeas corpus remedies.

### a. Standing

■ In order to have the merits of a claim deliberated by a federal court, a plaintiff must have standing, that is, sustain an actual or threatened "injury, in fact, economic or otherwise." *Association of Data Processing Orgs. v. Camp*, 397 U.S. 150, 152, 90 S.Ct. 827, 829, 25 L.Ed.2d 184 (1970). "Standing defies precise definition, but at the least insists that the complained of injury be real and immediate rather than conjectural, that the injury be traceable to the defendant's allegedly wrongful conduct, and that relief from the injury must be likely to follow from a favorable ruling." *Society of Separationists, Inc. v. Herman*, 959 F.2d 1283, 1285 (5th Cir.1992) (en banc).

■ Plaintiff seeks the "opportunity to file an appeal in state court." However, he has not presented any evidence that he is in danger of having his probation revoked, other than his subjective fear. Plaintiff believes he will incur some penalty by exercising his constitutional right to access to the courts. However, he can offer only the speculative comments of his former attorney, who noted "they could put [plaintiff] back in jail," and warned him to proceed carefully if he wished to file an appeal. Plaintiff also cites comments made by assistant district attorneys when visiting him in jail, who suggested "there were other things [he] could have been charged with."

Filing of an appeal would, of course, be an improper grounds for the revocation of plaintiff's state probation. Any retaliation for exercise of plaintiff's First Amendment rights, including court access, would be cognizable under section 1983. However, a revocation must occur, or proceeding for such begin, or other concrete action (threats or otherwise) must be taken, before standing even arguably accrues.

Plaintiff sincerely fears the possibility of returning to jail, however, he must sustain a cognizable injury, or show that one is imminent, prior to filing a constitutional lawsuit.

**648**

Courts cannot allow subjective belief and speculation to be the basis for judicial relief. *See Hornsby v. Conoco,* 777 F.2d 243 (5th Cir.1985). At this point, plaintiff's case is premature.

**b. Immunity**

■■■ The only defendant is the "State of Texas." The Eleventh Amendment bars suit in federal court by a private citizen against a state. U.S. CONST. amend XI; *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984). Consequently, plaintiff will not prevail in a lawsuit for which there exists no state waiver of sovereign immunity.[5]

**c. Exhaustion of Habeas Corpus Remedies**

■■■ To the extent plaintiff challenges the fact or duration of his conviction, imprisonment, or probationary status, his claim is for a writ of habeas corpus. *Preiser v. Rodriguez,* 411 U.S. 475, 499, 93 S.Ct. 1827, 1841, 36 L.Ed.2d 439 (1973); *Spina v. Aaron,* 821 F.2d 1126, 1127 (5th Cir.1987). In determining whether an action purportedly brought under Title 42 U.S.C. § 1983 should have been filed as a writ of habeas corpus, a request for monetary damages is not controlling. The question is whether the claim, if proved, would undermine or conflict with the state court conviction leading to plaintiff's confinement. If the claim itself goes to the constitutionality of the conviction, then the exclusive remedy is habeas corpus, subject to the essential requirement of exhaustion of remedies. *Johnson v. State of Texas,* 878 F.2d 904, 906 (5th Cir.1989); *Caldwell v. Line,* 679 F.2d 494, 496 (5th Cir.1982); *Richardson v. Fleming,* 651 F.2d 366, 373 (5th Cir.1981).

■■■ Plaintiff seeks to have his state conviction overturned, therefore he must exhaust all remedies in state court before proceeding to the federal level, unless circumstances exist which render the state corrective process ineffective to protest the petitioner's rights. 28 U.S.C. § 2254(b), (c). In order to properly exhaust state remedies, a habeas corpus petitioner must "fairly present" all claims to the state court. *Picard v. Connor,* 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971). In Texas, all claims must be presented to and ruled upon by the Court of Criminal Appeals. *Richardson v. Procunier,* 762 F.2d 429 (5th Cir.1985). As discussed *supra,* plaintiff has not pursued his direct appeal nor shown a significant and concrete reason to believe the state system is ineffective in handling his claims.

**Recommendation**

Plaintiff's motion to proceed *in forma pauperis* should be granted.

Plaintiff's action subsequently should be dismissed as frivolous under Title 28 U.S.C. § 1915(d).

**Objections**

Within ten (10) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn,* 474 U.S. 140, 148, 106 S.Ct. 466, 471, 88 L.Ed.2d 435 (1985); *Rodriguez v. Bowen,* 857 F.2d 275, 276–277 (5th Cir.1988).

SIGNED this 27 day of June, 1995.

---

5. Even were plaintiff to amend his complaint to add the prosecutor or trial judge, he would still face barriers of absolute judicial and prosecutorial immunity unless he can show acts taken outside the scope of these roles. *See Stump v. Sparkman,* 435 U.S. 349, 360, 98 S.Ct. 1099, 1106–07, 55 L.Ed.2d 331 (1978); *Imbler v. Pachtman,* 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1970).