IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

—————————————

No. 97-40553
(Summary Calendar)

—————————————

DANNY RENE SMITH,

Plaintiff-Appellant,

versus

BILL SKINNER, SHERIFF OF WOOD COUNTY,
WILLIAM "BILL" COHEN, JAIL ADMINISTRATOR,
JAMES ROBERTS, DEPUTY, NOEL MARTIN, DEPUTY,
JAMES TURNER, DEPUTY, CHUCK HOUGHTON,
DEPUTY AND JAILER,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
(USDC No. 6:96-CV-463)
- - - - - - - - - -
December 17, 1997

Before WIENER, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Danny Rene Smith, Texas prisoner number 708840, appeals the dismissal of his § 1983 action as frivolous pursuant to 28 U.S.C. § 1915. Smith alleged confiscation of personal property, that the prison food was inadequate, and that he was kept in "isolation-segregation" in violation of his due process rights as a pretrial detainee. He also requests appointment of appellate counsel. The

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

request for appointment of appellate counsel is DENIED.

Smith's motion for a "special monitor" is frivolous. It is therefore DENIED.

A pretrial detainee's claims that conditions of confinement are unconstitutional is reviewed under the Due Process Clause of the Fourteenth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 535-37 (1979); *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 639 (5th Cir. 1996)(*en banc*). Smith had no due process right to be assigned to the general prison population. *Mitchell v. Sheriff Dept., Lubbock County, Tex.*, 995 F.2d 60, 62-63 (5th Cir. 1993).

Smith's claim regarding the prison food is equally meritless. He has not shown that the food was not reasonably adequate and consisting of sufficient nutritional value, or that he was not regularly fed. *Green v. Ferrell*, 801 F.2d 765, 770-71 and n.5 (5th Cir. 1986).

Smith's confiscation-of-property claim was adjudicated in his prior § 1983 action; he does not argue that res judicata does not apply, and he has not alleged that another confiscation occurred subsequent to that adjudication.

Smith's appeal is without arguable merit, and it is thus frivolous. *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983). It is therefore DISMISSED. 5th Cir. R. 42.2.

The district court's dismissal of Smith's complaint and this court's dismissal of the appeal count as two "strikes" under the

Prison Litigation Reform Act, 28 U.S.C. § 1915(g).

APPEAL DISMISSED; MOTIONS DENIED.