**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 99-40897

(Summary Calendar)

_____

MICHAEL A. MAGOON,

Petitioner - Appellant,

versus

TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION; GARY L. JOHNSON,
DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, INSTITUTIONAL DIVISION

Respondents - Appellees.

_____

_____

No. 99-41060

(Summary Calendar)

_____

STEPHEN F. AUSTIN,

Petitioner - Appellant,

versus

GARY L. JOHNSON, DIRECTOR,

TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, INSTITUTIONAL DIVISION,

Respondent - Appellee.

Appeals from the United States District Court
For the Southern District of Texas
No. G-99-CV-304
No. G-99-CV-424

January 5, 2001

Before EMILIO M. GARZA, STEWART, and PARKER, Circuit Judges.

PER CURIAM:[*]

Texas prisoners Michael Magoon and Stephen Austin challenge the constitutionality of the work requirement of Tex. Gov't Code § 497.090.[1] Magoon was granted a certificate of appealability (COA) from this court on the question of whether the Texas Department of Criminal Justice "violated the Thirteenth Amendment and the Ex Post Facto Clause when it disciplined [Magoon] with the loss of good-time credit as punishment for refusing to work." Austin was granted a COA on the question of whether the Texas Department of Criminal Justice "violated the Thirteenth Amendment and the Ex Post Facto Clause when it disciplined [Austin] with the loss of good-time credit and placement in solitary confinement as punishment for refusing to work when he was not sentenced to hard labor." Given the similarity of the issues presented in the COAs, we consolidate the cases for purposes of this

---

[*] Pursuant to 5ᵀᴴ Cɪʀ. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ Cɪʀ. R. 47.5.4.

[1] Section 497.090 was repealed in September 1999 and replaced by Tex. Gov't Code Ann. § 497.099. Section 497.099 provides that inmates shall be required to work to the extent that they are physically and mentally capable, and that inmates may be compensated on an incentive basis.

opinion. Because it now appears from the briefs and documents submitted to this court that the COA questions may not be squarely presented by these two cases, we remand for a determination of the impact of § 497.090 on Magoon and Austin's sentences.

First, it is dubious whether the loss of good-time credits is an issue in these cases. Magoon argues that he has been disciplined with solitary confinement, a change in custody classification, the loss of commissary privileges, assignment to extra duty hours, and the loss of 60 days of good-time credit for failing to turn out for his work assignment. It appears that the loss of good-time credits will have no effect, however, on the length of Magoon's sentence. Magoon was convicted of second degree robbery in 1993, a conviction that made him ineligible for release to mandatory supervision under 1993 Texas law. *See* Tex. Crim. P. art. 42.18 § 8(c)(10).[2] Austin, by contrast, is eligible for release to mandatory supervision, but has not alleged and apparently has not suffered a loss of good-time credits. Austin did maintain that he had lost good-time credits in his request for a COA, but the State has offered proof to the contrary, and Austin has not challenged that proof in this appeal. Austin makes reference to a change in his time-earning trustee class in his reply brief, but this claim is unsubstantiated by any documentation. Like Magoon, Austin has also been disciplined with loss of recreation and commissary privileges, as well as placement in punitive segregation. Given that these apparent facts differ substantially from the facts upon which the COAs were granted, we remand first to establish whether either prisoner suffered a loss of good-time credit or a change in time-earning classification.

Second, we remand for a determination of whether Magoon and Austin's claims are properly

---

[2]This provision has since been repealed. *See* Acts 1997, 75th Leg., ch. 165, § 12.22, eff. Sept. 1, 1997.

presented as a petition for a writ of habeas corpus under 28 U.S.C. § 2254, or whether they are actually § 1983 claims. In Austin's case, without the good time credit issue, his only real challenge is to his placement in punitive segregation. Such challenges are most commonly brought as § 1983 claims. *See, e.g., Mitchell v. Sheriff Dept., Lubbock County, Texas*, 995 F.2d 60 (5th Cir. 1993); *see also Carson v. Johnson*, 112 F.3d 818, 820-21 (5th Cir. 1997) (citation omitted) ("if 'a favorable determination would not automatically entitle [the prisoner] to accelerated release,' the proper vehicle is a § 1983 suit."). Magoon's case is similar. His COA was granted only on the issue of whether the loss of good-time credits was constitutional, but in his case it seems clear that the length of his incarceration will be unaffected by our resolution of that question. As a result, Magoon's only arguable claim appears to be that he was placed in solitary confinement as punishment for his failure to work. We remand therefore to establish whether Magoon and Austin have presented claims cognizable as petitions for a writ of habeas corpus or as § 1983 claims.

Turning to the merits of the claims, both Magoon and Austin argue that the Texas prison work requirement violates the Thirteenth Amendment and the Ex Post Facto Clause. The Thirteenth Amendment provides that "[n]either slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction." U.S. Const. Amend. XIII § 1. To establish a Thirteenth Amendment violation, a prisoner must prove compulsion; when one has a choice, even a painful one, there is no involuntary servitude. *See Channer v. Hall*, 112 F.3d 214, 217-18 (5th Cir. 1997). Assuming arguendo that both Austin and Magoon have been placed in punitive segregation for their refusal to work, the compulsion requirement has been met. In *Channer*, however, we recognized the existence of a judicially-created "housekeeping-chore" exception to the prohibition against

involuntary servitude.  *See id.* at 218-19 ("the federal government is entitled to require a communal contribution by an INS detainee in the form of housekeeping tasks").  This exception is applicable to the cases of both Austin and Magoon))the work they were assigned to included shower squad and laundry.  Thus, as the facts appear on the current appellate record, the Thirteenth Amendment challenge by both petitioners should fail on the merits.

Austin and Magoon also allege violations of the Ex Post Facto Clause.  The inquiry for ex post facto claims is well-established: "[t]o fall within the ex post facto prohibition, a law must be retrospective))that is, 'it must apply to events occurring before its enactment'))and it 'must disadvantage the offender affected by it,' by altering the definition of criminal conduct or increasing the punishment for the crime."  *Lynce v. Mathis*, 519 U.S. 433, 441 (1997).  The Ex Post Facto Clause has been found to be violated by statutes that alter the punitive conditions outside a sentence. *See Weaver v. Graham*, 450 U.S. 24, 32, 101 S.Ct. 960, 966, 67 L.Ed.2d 17 (1981); *see also In re Medley*, 134 U.S. 160, 167, 10 S.Ct. 384, 386, 33 L.Ed. 835 (1890) (ex post facto violation where new statute required solitary confinement for prisoner prior to execution; solitary confinement is not "a mere unimportant regulation as to the safe-keeping of the prisoner").  Because both prisoners were convicted prior to the enactment of Tex. Gov't Code § 497.090, the application of the work requirement to them is retrospective treatment.  Here assuming arguendo that both Magoon and Austin were placed in punitive segregation as a consequence of their failure to work, their ex post facto claim may be meritorious.  The State responds that while this particular code provision may have been new, "other Texas laws requiring the same were in effect prior to the date Austin committed his offense...there was indeed fair warning of the probability that Texas prison inmates are required to work while incarcerated."  It may be true that there were other work statutes in the Texas

legislative history, but it is not clear whether those statutes also carried the disciplinary measure of punitive segregation. We remand therefore to determine the viability of the ex post facto claim.

In sum, these cases are remanded for determination of (1) the nature of the punishment received by Magoon and Austin for their refusal to work; (2) whether their claims are properly presented as petitions for writ of habeas corpus; (3) the viability of those claims in light of the historical statutory scheme of the Texas prison work requirement. The cases are to be consolidated to the extent that both prisoners did indeed receive punitive segregation as a result of their refusal to work, both claims are properly brought as § 1983 claims, and resolution of both cases hinges on the same constitutional issues.

Magoon's request for a temporary restraining order is DENIED. Magoon's motion to supplement his brief is DENIED. Magoon's second motion to supplement his brief is DENIED. Magoon's motion for leave to file memorandum, treated as a motion to file supplemental briefs is GRANTED, as Magoon asserts that the prison was on lockdown while he was attempting to file his reply brief. Magoon's motion to supplement briefs to clarify issues is DENIED. Austin's motion to file a supplemental reply brief is DENIED. Appellees' motions to consolidate are CONDITIONALLY GRANTED.

REMANDED.